[No. D049612. Fourth Dist., Div. One. Jan. 7, 2008.]

OTAY RIVER CONSTRUCTORS, Plaintiff and Respondent, v.
SAN DIEGO EXPRESSWAY, Defendant and Appellant,

## Counsel

Bell, Rosenberg & Hughes, Roger M. Hughes, Eric J. Phillips, Carol K. Watson and James A. Melino for Defendant and Appellant.

Wulfsberg, Reese, Colvig & Firstman, H. James Wulfsberg; Luce, Forward, Hamilton & Scripps, Charles A. Bird and Roger C. Haerr for Plaintiff and Respondent.

## Opinion

**McINTYRE, J.**—Where an action is brought solely to compel arbitration of contractual disputes between the parties, we conclude that (1) a party who succeeds in obtaining an order denying the petition to compel arbitration is a prevailing party in the action on the contract even though the merits of the parties' underlying contractual disputes have not yet been resolved and (2) an order denying a request for costs and attorney fees under such circumstances is appealable as a "special order after final judgment" under Code of Civil Procedure section 1294, subdivision (e). (All statutory references are to the

Code of Civil Procedure unless otherwise specified.) Based on these conclusions, we reverse the order of the superior court denying fees and costs to defendant herein.

## FACTUAL AND PROCEDURAL BACKGROUND

In connection with its development of two related highway projects in San Diego County, San Diego Expressway (Expressway), entered into two design-build contracts with general contractor Otay River Constructors (Otay) referred to herein as the "Gap/Connector Contract" and the "Toll Road Contract" (together the Design-Build Contracts). Thereafter, the parties entered into a third agreement called the "Coordination Agreement," to ensure that the Design-Build Contracts "complement[ed] and supplement[ed] one another" and operated in a coordinated manner to allow completion of the two related projects. In the Coordination Agreement, the parties acknowledged that the work on both projects was interdependent and that Otay's failure to complete work governed by the Gap/Connector Contract would cause Expressway to incur substantial damages.

Each contract contained a dispute resolution provision governing disputes arising out of it. The Gap/Connector Contract provided that disputes would be resolved by project and executive level negotiations and then by a nonbinding dispute resolution board ("Disputes Board") and, if necessary, litigation. The Toll Road Contract contained similar dispute resolution procedures, but did not allow litigation and required binding arbitration. Disputes under the Coordination Agreement would be governed by the dispute resolution provision of the Toll Road Contract, i.e., binding arbitration.

Otay initiated two arbitration proceedings against Expressway, claiming that the disputes arose under the Coordination Agreement and that Expressway breached that contract by (1) demanding changes to certain drawings and (2) refusing to execute a change order adjusting the contract price to reflect necessary retaining walls. In its arbitration demands, Otay admitted that the claims arose under the Gap/Connector Contract, but argued that the claims presented a dispute under the Coordination Agreement and that under the Coordination Agreement binding arbitration was proper because the dispute procedures of the Toll Road Contract applied.

After Expressway denied the claims, Otay filed a petition in superior court to compel arbitration under the Coordination Agreement, arguing that the disputes arose under the Coordination Agreement and must be arbitrated. Expressway opposed the petition, arguing that it never agreed to submit Gap/Connector Contract disputes unrelated to the Coordination Agreement to binding arbitration.

The trial court rejected Otay's argument that the Coordination Agreement modified or superseded the terms of the Gap/Connector Contract and found no ambiguities and inconsistencies between the Coordination Agreement and the Gap/Connector Contract. It noted that the parties were very sophisticated and could easily have stated that the Coordination Agreement overrode the dispute resolution provisions of the Gap/Connector Contract, but that the parties intended to leave the dispute resolution procedures contained in the Gap/Connector Contract as is. Accordingly, it denied the petition to compel arbitration because the claims arose out of the Gap/Connector Contract, which allowed for litigation of the disputes. Otay did not appeal the order denying its petition to compel arbitration.

Thereafter, Expressway filed a motion for attorney fees and costs, claiming it was the prevailing party on the contract because it obtained a final order denying Otay's petition to compel arbitration. After bifurcating the issue of entitlement to attorney fees and costs from the issue of the amount of any award, the trial court denied Expressway's motion on the ground it was not a prevailing party because the parties contemplated additional litigation. Expressway timely appealed this order.

## DISCUSSION

### I. *Appealability*

Otay asserts we should dismiss this appeal because an order issued after an appealable order is not appealable under the California Arbitration Act (§ 1280 et seq.). As explained below, we conclude that the order denying Otay's petition to compel arbitration was essentially a judgment on the only issue before the trial court; accordingly, Expressway could properly appeal from the order denying its motion for an award of attorney fees and costs under subdivision (e) of section 1294, which allows the appeal from "[a] special order after final judgment."

■ We have jurisdiction over a direct appeal only when there is an appealable order or an appealable judgment. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696 [107 Cal.Rptr.2d 149, 23 P.3d 43] (*Griset*).) A judgment is defined as "the final determination of the rights of the parties in an action or proceeding" (§ 577) and it is the substance and effect of an adjudication that is determinative, not the form of the decree. (*Lyon v. Goss* (1942) 19 Cal.2d 659, 670 [123 P.2d 11].) As a general test, an order constitutes the final determination of a case "where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree." (*Griset, supra,* 25 Cal.4th at p. 698, citing *Lyon v. Goss, supra,* 19 Cal.2d at p. 670.)

Before the 1961 revision of the arbitration act, former section 1293 provided that a party could only appeal from " 'an order confirming, modifying, correcting or vacating an award, or from a judgment entered upon an award.' " (*Sjoberg v. Hastorf* (1948) 33 Cal.2d 116, 117 [199 P.2d 668]; *Hohn v. Hohn* (1964) 229 Cal.App.2d 336, 338 [40 Cal.Rptr. 125].) At that time, when an action was brought on a contract and a defendant petitioned to compel arbitration, an order dismissing or denying the petition to compel arbitration was not appealable because it was regarded as essentially a cross-complaint for specific performance of a contract to arbitrate, and its denial or dismissal did not terminate the main action on the contract. (*Sjoberg v. Hastorf, supra*, 33 Cal.2d at p. 118.) However, if no action was brought on the contract and one party petitioned the court for an order directing arbitration, a special proceeding was initiated and the order denying the petition was appealable as a final judgment in that special proceeding. (*Squire's Dept. Store, Inc. v. Dudum* (1953) 115 Cal.App.2d 320, 330 [252 P.2d 418].)

In discussing proposed changes to the arbitration act, the California Law Revision Commission noted this case law and stated it was unclear whether an appeal from an order denying a motion to compel arbitration is taken under former section 1293 or under former section 963, now section 904.1 (Stats. 1968, ch. 385, p. 811), which related to appeals in civil proceedings generally. (Recommendation Relating to Arbitration (Dec. 1960) 3 Cal. Law Revision Com. Rep. (1960) p. G-60.) Accordingly, it advised the Legislature to clarify that an order denying a motion to compel arbitration is appealable and provide for such in the arbitration statute. (*Ibid.*)

The Legislature followed the commission's recommendation and, effective September 1961 (Stats. 1961, ch. 461, § 2, p. 1540), the arbitration act made appealable (a) an order dismissing or denying a petition to compel arbitration; (b) an order dismissing a petition to confirm, correct or vacate an award; (c) an order vacating an award unless a rehearing in arbitration is ordered; (d) a judgment entered pursuant to this title; and (e) a special order after final judgment. (§ 1294.)

The provisions of the Code of Civil Procedure concerning arbitration, including petitions to compel arbitration (§ 1290), are all found in part 3 of the Code of Civil Procedure, which pertains to special proceedings. Because the Legislature created a comprehensive procedural scheme to govern arbitration proceedings, we reject Expressway's contention that section 904.1, governing appeals in civil proceedings generally, provides the authority for this appeal. With this said, however, courts have looked to cases interpreting section 904.1 for guidance in interpreting section 1294. (*Lamb v. Holy Cross Hospital* (1978) 83 Cal.App.3d 1007, 1011 [148 Cal.Rptr. 273]; *Lovret v. Seyfarth* (1972) 22 Cal.App.3d 841, 852 [101 Cal.Rptr. 143].)

■ Section 904.1 effectively codified the "one final judgment rule," allowing only final judgments to be appealable. (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, §§ 57–59, pp. 113–115; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2007) ¶¶ 2.21–2.23, pp. 2-17 to 2-18.) As our high court explained, "finality" is an attribute of every judgment the moment it is rendered and finality "not only makes a judicial determination a judgment, it also makes that judgment appealable." (*Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304 [63 Cal.Rptr.2d 74, 935 P.2d 781].) "Indeed, recognizing that this meaning of finality is so fundamental that it is essentially redundant to speak of a '*final* judgment' in this sense, the Legislature no longer provides in the basic statute authorizing appeals from the superior court that such an appeal may be taken 'From a *final* judgment entered in an action, or special proceeding' (former Code Civ. Proc., § 963, subd. 1, . . .); the statute now provides simply that an appeal may be taken 'From a judgment' (Code Civ. Proc.[,] § 904.1, subd. (a)(1)). The meaning is the same." (*Ibid.*, original italics.)

■ Under section 1294, appealable arbitration orders also require finality and this requirement is consistent with the language of section 1294 and the general prohibition of appeals from interlocutory nonfinal judgments in section 904.1, subdivision (a). (*Vivid Video, Inc. v. Playboy Entertainment Group, Inc.* (2007) 147 Cal.App.4th 434, 442 [54 Cal.Rptr.3d 232].) Significantly, courts have recognized that an order denying arbitration is a final ruling entitled to preclusive effect in subsequent proceedings. (*Lounge-A-Round v. GCM Mills, Inc.* (1980) 109 Cal.App.3d 190, 198–199 [166 Cal.Rptr. 920]; *Towers, Perrin, Forster & Crosby, Inc. v. Brown* (3d Cir. 1984) 732 F.2d 345, 348 [court predicted that the California Supreme Court would hold that an order denying arbitration was a final order and that res judicata applied].)

■ Additionally, an order denying arbitration is final and appealable even though more litigation is contemplated in a separate action. In *Christensen v. Dewor Developments* (1983) 33 Cal.3d 778 [191 Cal.Rptr. 8, 661 P.2d 1088] (*Christensen*), the trial court denied petitioners' request to compel arbitration and the defendants' request for attorney fees and both parties appealed. (*Id.* at p. 780.) The California Supreme Court held that the trial court properly denied the petition to compel arbitration because petitioners had waived the right to arbitration, but abused its discretion in denying the defendants' attorney fee request. (*Id.* at p. 786.) Our high court allowed the party prevailing on the petition to compel arbitration to move for an award of attorney fees under Civil Code section 1717 even though the parties contemplated further litigation on the merits of their contract dispute. (*Christensen, supra,* 33 Cal.3d at pp. 786–787; see also *Porter v. United Services Automobile Assn.* (2001) 90 Cal.App.4th 837, 839 [108 Cal.Rptr.2d 860] [order denying a petition to compel arbitration in California and advising parties to arbitrate in New Jersey was appealable].) Although our high court

in *Christensen* did not directly address the question of whether an order denying attorney fees after an order denying a petition to compel arbitration was appealable, it presumably concluded that the order denying arbitration was a judgment on the only issue before the trial court and the later order denying attorney fees was appealable as an order after the judgment. (§ 1294, subd. (e).)

Similarly, in *Marcus & Millichap Real Estate Investment Brokerage Co. v. Woodman Investment Group* (2005) 129 Cal.App.4th 508 [28 Cal.Rptr.3d 584] (*Marcus*), the trial court vacated an arbitration award and then awarded attorney fees and costs to the party that had sought vacation of the award. (*Id.* at p. 510.) The opposing party appealed the order awarding fees and costs and the appellate court requested supplemental letter briefs on the appealability of the attorney fee order. (*Id.* at p. 512, fn. 5.) Although the *Marcus* court did not directly discuss the appealability of the attorney fee order, it noted that the order vacating the arbitration award was "final" and the party that had filed the motion to vacate the award was the prevailing party under a contract allowing for an award of attorney fees in any legal proceeding. (*Id.* at pp. 514–516; *MBNA America Bank, N.A. v. Gorman* (2006) 147 Cal.App.4th Supp. 1, 8 [54 Cal.Rptr.3d 724] (*MBNA*) [same].)

█ Otay contends that *Marcus* provides no arguable authority because the appellate court had jurisdiction under the collateral order doctrine. The collateral order doctrine is an exception to the one final judgment rule that allows a party to appeal the final determination of a collateral matter directing the payment of money by the appellant or the performance of an act by or against the appellant even though issues remain for future determination. (*Conservatorship of Rich* (1996) 46 Cal.App.4th 1233, 1237 [54 Cal.Rptr.2d 459].) Courts have relied on this exception to allow the appeal from an order awarding attorney fees and costs after issuance of a nonappealable order compelling arbitration. (*Lachkar v. Lachkar* (1986) 182 Cal.App.3d 641, 645, fn. 1 [227 Cal.Rptr. 501] (*Lachkar*); cf. *Barnes v. Litton Systems, Inc.* (1994) 28 Cal.App.4th 681, 685 [33 Cal.Rptr.2d 562] [order taxing costs is not sufficiently final to be appealable by party seeking additional costs and appeal can be taken after judgment is entered].)

The *Marcus* and *MBNA* courts, however, did not cite the collateral order doctrine; rather, these courts noted that the respective orders vacating an arbitration award (*Marcus*) and denying a petition to confirm an arbitration award (*MBNA*) were "final" and that the prevailing party was entitled to its contractual attorney fees in their respective postarbitration judicial proceeding. (*Marcus, supra*, 129 Cal.App.4th at pp. 514–517; *MBNA, supra*, 147 Cal.App.4th at pp. Supp. 7–8.)

■ We find it curious that the courts in *Christensen*, *Marcus* and *MBNA* did not directly address the appealability of an attorney fee order after a "final" order denying a petition to compel arbitration (*Christensen*), vacating an arbitration award (*Marcus*) and denying a petition to confirm an arbitration award (*MBNA*), because the existence of an appealable judgment or order is a jurisdictional prerequisite to an appeal. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 [32 Cal.Rptr.2d 275, 876 P.2d 1074].) Possibly, these courts simply assumed the appealability of the respective orders. Be that as it may, we shall resolve this uncertainty by explicitly holding that where, as here, the trial court enters an order in an arbitration proceeding *resolving the only issue before the court in that proceeding*, the order is essentially a judgment and a party can properly appeal from a subsequent order granting or denying a request for an award of attorney fees and costs under subdivision (e) of section 1294. (§ 1064 ["A judgment in a special proceeding is the final determination of the rights of the parties therein"].)

We note that subdivision (e) of section 1294 states that a party can appeal from "[a] special order after final judgment," but conclude that use of the words "special" and "final" do not change our result. Former section 963, effective when the Legislature amended the arbitration act in 1961 and created subdivision (e) of section 1294, similarly provided that an appeal could be taken "from any *special* order made after *final* judgment." (*City and County of San Francisco v. Shers* (1995) 38 Cal.App.4th 1831, 1837, fn. 5 [46 Cal.Rptr.2d 57], italics added (*Shers*).) In 1968, the Legislature repealed former section 963 and replaced it with current section 904.1. (*Shers*, at p. 1837.) Notably, section 904.1, subdivision (b) (renumbered as § 904.1, subd. (a)(2) in 1993) omitted the uninformative "special" order terminology (*Shers*, at p. 1837) and the fundamental "final" judgment terminology (*Sullivan v. Delta Air Lines, Inc.*, *supra*, 15 Cal.4th at p. 304) and simply provided for an appeal from "an order made after a judgment." (§ 904.1, subd. (a)(2); see *Shers*, *supra*, 38 Cal.App.4th at p. 1837, fn. 5.) The Legislature has not amended section 1294 since its enactment to reflect this change.

## II. *Merits*

■ Section 1293.2 pertains to costs in arbitration proceedings and provides that "[t]he court shall award costs *upon any judicial proceeding under this title* as provided in Chapter 6 (commencing with Section 1021) of Title 14 of Part 2 of this code." (Italics added.) Section 1033.5, part of part 2, title 14, chapter 6 of the Code of Civil Procedure, provides that attorney fees authorized by contract are recoverable as an item of costs. (§ 1033.5, subd. (a)(10)(A); *Santisas v. Goodin* (1998) 17 Cal.4th 599, 606 [71 Cal.Rptr.2d 830, 951 P.2d 399].) A petition to compel arbitration under section 1281.2 is a judicial proceeding covered by this provision.

■ Civil Code section 1717 governs awards of attorney fees based upon a contract and authorizes an award of attorney fees to a prevailing party "[i]n any action on a contract" "to enforce that contract" if the contract provides for an award of attorney fees. (Civ. Code, § 1717, subd. (a).) "[T]he party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract" and shall be determined by the court. (Civ. Code, § 1717, subd. (b)(1).) The phrase "greater relief . . . on the contract" does not necessarily mean greater monetary relief. (*Sears v. Baccaglio* (1998) 60 Cal.App.4th 1136, 1154 [70 Cal.Rptr.2d 769].) Under Civil Code section 1717, the trial court has discretion to determine who, if anyone, is the party prevailing on the contract. (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 871 [39 Cal.Rptr.2d 824, 891 P.2d 804] (*Hsu*).) Nonetheless, Civil Code section 1717 also contemplates that a party prevailing on a contract will "receive attorney fees as a matter of right . . . whenever the statutory conditions have been satisfied." (*Hsu, supra,* 9 Cal.4th at p. 872, italics omitted; see *Scott Co. v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1109 [86 Cal.Rptr.2d 614, 979 P.2d 974].)

■ Accordingly, when the decision on a litigated contract claim "is purely good news for one party and bad news for the other—the Courts of Appeal have recognized that a trial court has no discretion to deny attorney fees to the successful litigant. Thus, when a defendant defeats recovery by the plaintiff on the only contract claim in the action, the defendant is the party prevailing on the contract under [Civil Code] section 1717 *as a matter of law*. [Citations.]" (*Hsu, supra,* 9 Cal.4th. at p. 876, italics added.) It is only when the results of the litigation are "mixed" that the statute "reserve[es] [to] the trial court a measure of discretion to find no prevailing party." (*Ibid.*) Upon final resolution of the contract claims, the trial court determines whether there is a prevailing party on the contract by comparing the relief awarded on the contract claim with the parties' demands and their litigation objectives. (*Ibid.*)

Here, Expressway sought a determination that it was the prevailing party on the Coordination Agreement entitled to its attorney fees and costs under Civil Code section 1717 and Code of Civil Procedure sections 1281.2, 1293.2, 1021, 1032 and 1033.5. The Coordination Agreement incorporated by reference article 30 of the Toll Road Contract and stated that "[a]ny and all Disputes between the Parties arising under this Coordination Agreement shall be resolved in accordance with Article 30 of the Toll Road . . . Contract . . . ." The Toll Road Contract contained an attorney fee provision that allowed "the prevailing Party in any proceeding (including appeals)" to recover from the losing party "reasonable attorneys' fees" among other expenses and required

the "person(s) resolving the Dispute [to] include such costs in his/her/their judgment or award."

 Otay's petition to compel arbitration under the Coordination Agreement was an "action on the contract" for purposes of Civil Code section 1717. Expressway obtained a " 'simple, unqualified win' " on the only contract claim at issue in the action—whether to compel arbitration under the Coordination Agreement. (*Hsu, supra,* 9 Cal.4th at p. 876, quoting *Deane Gardenhome Assn. v. Denktas* (1993) 13 Cal.App.4th 1394, 1398 [16 Cal.Rptr.2d 816].) Accordingly, Expressway was the prevailing party as a matter of law because it defeated the only contract claim before the trial court in this discrete special proceeding. (*Hsu, supra,* 9 Cal.4th at pp. 875–876.)

Otay contends the trial court properly determined that Expressway was not a prevailing party because Expressway obtained only an interim procedural victory. Otay, however, cited no persuasive authority supporting its contention and we reject it because courts have awarded attorney fees to a party obtaining an appealable order or judgment in a discrete legal proceeding even though the underlying litigation on the merits was not final. (*Christensen, supra,* 33 Cal.3d at pp. 786–787 [party prevailing on petition to compel arbitration was entitled to attorney fees under Civ. Code, § 1717 despite the lack of a final resolution on the underlying merits of the dispute between the parties]; *Marcus, supra,* 129 Cal.App.4th at pp. 510–513 [successful party on motion to vacate arbitration award was entitled to contractual attorney fees and costs even though the parties had not resolved the underlying merits of the arbitration]; *Cole v. BT & G, Inc.* (1983) 141 Cal.App.3d 995, 996–998 [190 Cal.Rptr. 690] [defendants successful in vacating a confession of judgment were prevailing parties entitled to contractual attorney fees even though underlying litigation on the contract was not final]; see also *Estate of Drummond* (2007) 149 Cal.App.4th 46, 52–53 [56 Cal.Rptr.3d 691] [attorney fees improperly granted where dismissal of probate petition determined nothing on the contract and simply moved action to another forum].)

The cases cited by Otay for the proposition that a procedural victory does not qualify as the type of win for a mandatory attorney fee award are inapposite because these cases did not involve the final resolution of a discrete legal proceeding. (*Liu v. Moore* (1999) 69 Cal.App.4th 745, 755 [81 Cal.Rptr.2d 807] [right to attorney fees for a successful appeal is deferred until the final resolution on the merits of the action on remand]; *Lachkar, supra,* 182 Cal.App.3d at pp. 646–647 [order compelling arbitration was not a final determination of the rights of the parties entitling petitioners to attorney fees]; *Presley of Southern California v. Whelan* (1983) 146 Cal.App.3d 959, 960 [196 Cal.Rptr. 1] [party successful in reversing summary judgment on appeal was not a prevailing party entitled to attorney fees

because the action was ongoing and the reversal of the summary judgment was an interim state of the litigation]; *Bank of Idaho v. Pine Avenue Associates* (1982) 137 Cal.App.3d 5, 11–13 [186 Cal.Rptr. 695] [party who obtained reversal of an order sustaining a demurrer without leave to amend not entitled to attorney fees under Civ. Code, § 1717 because there was no final disposition of the action], disapproved on another ground in *Snyder v. Marcus & Millichap* (1996) 46 Cal.App.4th 1099, 1103 [54 Cal.Rptr.2d 268].) Significantly, the merits of the contract claims under the Gap/Connector Contract that Otay sought to send to arbitration were not at issue in the court proceedings to compel arbitration and the fact that the parties will probably pursue these claims in another action does not lessen Expressway's victory in this discrete legal proceeding.

Otay argues that the Toll Road Contract supports the need for finality on the merits as a predicate to any award of contractual attorney fees. We agree. As discussed above, the trial court's decision on the petition to compel arbitration is final and on the merits of the only contractual issue before the trial court. Otay also argues that awarding attorney fees on this petition to compel arbitration would lead to absurd results because a party prevailing at the Disputes Board level could request attorney fees even if the arbitrators reverse the decision of the Disputes Board and that the party prevailing at arbitration would be entitled to attorney fees for that work, but not for the earlier Disputes Board process.

Otay's argument is flawed because attorney fees can only be awarded under the Toll Road Contract if there is a final decision on the merits. Specifically, the Toll Road Contract provides that only if a contractual dispute is not "finally resolved" by executive level negotiations or by the Disputes Board does the matter proceed to "final, binding arbitration." For example, if the Disputes Board finally resolves a dispute, the dispute would not proceed to arbitration and the Disputes Board would decide the attorney fee issue. If an arbitrator finally resolves the dispute then he or she would decide the attorney fee issue, including any attorney fees incurred before the Disputes Board.

In summary, the trial court erred in denying Expressway its attorney fees under Civil Code section 1717 and this matter is remanded to the trial court with directions to conduct further proceedings to determine Expressway's reasonable attorney fees and costs incurred in connection with the petition to compel arbitration and this appeal. (*Security Pacific National Bank v. Adamo* (1983) 142 Cal.App.3d 492, 498 [191 Cal.Rptr. 134].)

## DISPOSITION

The order is reversed and the matter is remanded for a determination of appellant's costs and attorney fees. Appellant is entitled to its costs and attorney fees on appeal.

McConnell, P. J., and Nares, J., concurred.