[No. C068693. Third Dist. Apr. 23, 2012.]

FLEUR DU LAC ESTATES ASSOCIATION, Plaintiff and Respondent, v. ZARI MANSOURI, Defendant and Appellant.

## COUNSEL

Manatt, Phelps & Phillips, Andrew A. Bassak and Benjamin G. Shatz for Defendant and Appellant.

Sproul Trost, Thomas G. Trost, Gregory L. Maxim and Jason M. Sherman for Plaintiff and Respondent.

## OPINION

**ROBIE, J.**—After this court in an earlier writ proceeding directed the trial court to enter an order denying a petition to compel arbitration filed by plaintiff Fleur du Lac Estates Association (the Association) (see *Mansouri v. Superior Court* (2010) 181 Cal.App.4th 633, 643 [104 Cal.Rptr.3d 824]), defendant Zari Mansouri sought attorney fees and costs from the Association on the theory that she was the prevailing party in the proceeding to compel arbitration. The trial court concluded that Mansouri's fee motion and costs memoranda were untimely. Mansouri moved for reconsideration and, in the alternative, for relief under Code of Civil Procedure[1] section 473, subdivision (b) (section 473(b)) based on excusable mistake. The trial court denied that motion, too.

On Mansouri's appeal from the order denying her motions for reconsideration and for relief under section 473(b), we conclude the order is not appealable.[2] As Mansouri appears to recognize, the only way the order could

[1] All further section references are to the Code of Civil Procedure.

[2] Mansouri did not appeal the underlying order in which the trial court originally denied her motion for attorney fees and struck her costs memorandum. As we will explain, however, that omission makes no difference because the underlying order was not appealable either.

have been appealable would have been as an order after final judgment under subdivision (e) of section 1294 (part of the California Arbitration Act; § 1280 et seq.). But for that to be the case, the order denying the Association's petition to compel arbitration that this court directed the trial court to enter would have had to be the equivalent of the final judgment in this proceeding to compel arbitration. It was not. As we will explain, our decision in the earlier writ proceeding left open the possibility that the Association could file another petition to compel arbitration of the same dispute, which the Association did. Because that petition was granted, and because the trial court retains jurisdiction in this proceeding to enter and enforce any resulting arbitration award, the proceeding remains unresolved. Because the order denying the Association's first petition to compel arbitration did not put an end to the proceeding, that order cannot be considered the equivalent of a final judgment, and therefore none of the orders that followed—including the order Mansouri purports to appeal—is appealable as an order after final judgment. Additionally, we decline Mansouri's request to treat this appeal as a writ petition. Accordingly, we will dismiss Mansouri's appeal as being from a nonappealable order.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

Mansouri owns a condominium unit within Fleur du Lac Estates at Lake Tahoe. The Association is the homeowners association for the development, and Mansouri is a member of the Association.

In December 2006, Mansouri submitted an application to the Association's architectural control committee to remodel various parts of her condominium, including the patio. In July 2008, after the remodeling was complete, the Association notified Mansouri that the patio improvements did not conform to the plans the committee had approved. The Association requested that Mansouri remove the nonconforming patio improvements. She refused.

In September 2008, the Association requested that Mansouri agree to submit the dispute to binding arbitration before a single arbitrator selected by the Association and threatened court action if she did not do so. When Mansouri refused, the Association commenced this action by filing a petition to compel arbitration under an arbitration provision contained in the second restated declaration of covenants, conditions and restrictions for the Association (CC&R's). That provision provides that any dispute between the Association and an owner about the meaning or effect of any part of the

---

[3] We take some of the following facts from our opinion in the earlier writ proceeding, including the unpublished portion of that opinion. (*Mansouri v. Superior Court, supra*, 181 Cal.App.4th 633.)

CC&R's will be settled by binding arbitration before a three-member panel of arbitrators, with one arbitrator selected by the Association, one selected by the owner, and the third selected by the other two.

The trial court granted the Association's petition to compel arbitration and awarded the Association attorney fees. (*Mansouri v. Superior Court, supra*, 181 Cal.App.4th at p. 636.) Mansouri sought relief in this court by means of a petition for a writ of mandate. (*Ibid.*) "We granted an alternative writ . . . to consider (1) whether the arbitration provision in the CC&R's [wa]s unenforceable and unconscionable; (2) if the arbitration provision [wa]s valid, whether this dispute f[ell] outside of the scope of the arbitration provision; and (3) whether the Association complied with the applicable statutory requirements for a petition to compel arbitration. We conclude[d] the arbitration provision [wa]s enforceable, [wa]s not unconscionable, and [wa]s applicable. However, in the published portion of [our] opinion, we [also] conclude[d] a party seeking to compel arbitration under . . . section 1281.2 . . . must establish it demanded arbitration under the parties' arbitration agreement and that the other party refused to arbitrate under the agreement before it is entitled to an order granting a petition to compel such arbitration. As the Association . . . failed to show it requested Mansouri to arbitrate under the arbitration provision of the CC&R's and that Mansouri refused to arbitrate under such provision, [we concluded the Association's] petition to compel such arbitration should have been denied. [Accordingly, w]e . . . issue[d] a writ of mandate requiring the trial court to vacate its order compelling arbitration and awarding attorney fees and to enter a new order denying the Association's petition." (*Id.* at pp. 636–637.) We also awarded Mansouri her costs on appeal. (*Id.* at p. 643.)

Following our decision in the writ proceeding, in May 2010 Mansouri filed in the trial court a memorandum of costs on appeal seeking $1,522.44 in appellate costs, a memorandum of costs seeking $350 in trial court costs, and a motion for $209,075.14 in attorney fees under two attorney fees provisions in the CC&R's. Mansouri sought the award of attorney fees on the theory that she was "the prevailing party in this suit."

The Association moved to strike Mansouri's costs memoranda and opposed her fee motion. Among other things, the Association argued that Mansouri's request for her fees and costs was untimely and she was not the prevailing party because this court's ruling "guarantee[d] resolution [of the dispute] via three-panel arbitration," which the Association claimed it "had sought since the commencement of these proceedings."

In January 2011, the trial court agreed with the Association that Mansouri was too late in filing her costs memoranda and her fee motion and on that

basis granted the Association's motion to strike the memoranda and denied Mansouri's motion for fees. Mansouri did not appeal from that order; instead, she filed a motion for reconsideration under section 1008 or, in the alternative, for relief under section 473(b) based on excusable mistake.

Meanwhile, also in January 2011, the Association filed a second petition to compel arbitration. This time the Association demonstrated that it had demanded arbitration under the arbitration provision of the CC&R's. Mansouri did not oppose the petition, and in April 2011 the court granted the petition and ordered the matter to arbitration.

In May 2011, in ruling on Mansouri's motion for reconsideration of the denial of her fee motion, the trial court determined that Mansouri had presented new facts not available at the time of the hearing on the motion. Nevertheless, the court concluded that the new evidence did not change the result and denied the motion for reconsideration. The court also denied Mansouri's request for relief under section 473(b) on the ground that the mistake she had shown was not excusable.

Mansouri initially sought review of the May 2011 order denying her motion for reconsideration and for relief under section 473(b) by means of a writ petition in this court.[4] In her memorandum of points and authorities in support of that petition, Mansouri argued that she lacked an adequate remedy at law because it was "unclear" whether the May 2011 order was appealable. In a footnote, she asserted that the order was "[a]rguably . . . appealable as a post-judgment order, assuming [the order denying the Association's first petition to compel arbitration] qualifies as a judgment." She further argued, however, that "[t]hat seems unlikely . . . given that the Association has filed . . . *under the same superior court action number* a new petition to compel arbitration. This means that presumably there will be additional proceedings, including possibly a true final judgment (perhaps confirming an arbitration award)."[5]

We denied Mansouri's writ petition on the ground that Mansouri had a remedy by appeal. The next day, Mansouri filed a timely notice of appeal from the May 2011 order.

## DISCUSSION

On appeal, Mansouri contends the trial court erred in concluding her costs memoranda and fee motion were untimely and, in any event, the trial court

---

[4] On our own motion, we take judicial notice of the record in that proceeding.

[5] What Mansouri failed to advise us of was the fact that the trial court had entered an order *granting* the Association's second petition to compel arbitration back in April.

should have granted her relief for excusable mistake. The threshold question, however, is one raised by the Association—that is, whether Mansouri has appealed from an appealable order. The Association argues that to the extent the May 2011 order denied Mansouri's motion for reconsideration, the order is not appealable. The Association further argues that to the extent the May 2011 order denied Mansouri's motion for relief under section 473(b), Mansouri's appeal was untimely. In response, Mansouri asserts that her appeal of the May 2011 order was both timely and from an appealable order.

As we will explain, we conclude that in both of its aspects—as an order denying reconsideration and as an order denying relief under section 473(b)—the May 2011 order is not appealable. Accordingly, we need not address the timeliness of Mansouri's appeal from that order, nor do we address the underlying arguments as to whether Mansouri timely filed her costs memoranda and fee motion.

Arguing its first point (nonappealability), the Association points out that this court has long adhered to the prevailing view that an order denying a motion for reconsideration is not appealable. (See, e.g., *Reese v. Wal-Mart Stores, Inc.* (1999) 73 Cal.App.4th 1225, 1242 [87 Cal.Rptr.2d 346]; *Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043, 1050 [96 Cal.Rptr.3d 690].) As this court explained in *Reese*, "Section 904.1 of the Code of Civil Procedure does not authorize appeals from such orders, and to hold otherwise would permit, in effect, two appeals for every appealable decision and promote the manipulation of the time allowed for an appeal." (*Reese*, at p. 1242.)

In response, Mansouri contends "[t]he May 11 Order is appealable under the California Arbitration Act (Code Civ. Proc., §§ 1280–1294.2)," rather than under section 904.1, and therefore "*Reese* is inapposite."

■ Mansouri is correct in this limited respect: the appealability of an order in a proceeding like this under the California Arbitration Act is governed by the provisions of that act—specifically, section 1294—rather than by section 904.1, which "govern[s] appeals in civil proceedings generally." (*Otay River Constructors v. San Diego Expressway* (2008) 158 Cal.App.4th 796, 802 [70 Cal.Rptr.3d 434].) Section 1294 provides that "[a]n aggrieved party may appeal from: [¶] (a) An order dismissing or denying a petition to compel arbitration. [¶] (b) An order dismissing a petition to confirm, correct or vacate an award. [¶] (c) An order vacating an award unless a rehearing in arbitration is ordered. [¶] (d) A judgment entered pursuant to this title. [¶] (e) A special order after final judgment."

But just because the appealability of the order here is governed by section 1294 rather than by section 904.1 does not mean the order is any more

appealable under the former statute than it would have been under the latter. As the court in *Otay River* noted, "courts have looked to cases interpreting section 904.1 for guidance in interpreting section 1294." (*Otay River Constructors v. San Diego Expressway, supra,* 158 Cal.App.4th at p. 802.) Thus, the reasoning in *Reese* under section 904.1 might apply with equal force to a case like this under section 1294.

We need not decide that issue, however, because we discern another reason why the May 2011 order is not appealable. Mansouri contends the order is appealable under section 1294 because "*Otay River* teaches that an order denying a petition to compel arbitration is the 'judgment' in a petition to compel proceeding, and that a subsequent order denying [attorney] fees is a post-judgment order, appealable under Section 1294, subdivision (e)" (set out above). Thus, Mansouri contends the May 2011 order is appealable under section 1294 as a "special order after final judgment." We disagree. As we will show, *Otay River* is distinguishable from this case, and in that distinction lies the basis for our determination that the May 2011 order is not appealable.

██ Contrary to what Mansouri suggests, the court in *Otay River* did not hold that *every* order denying a petition to compel arbitration is the equivalent of a final judgment in the proceeding to compel arbitration. Instead, the court held that "where, as here, the trial court enters an order in an arbitration proceeding *resolving the only issue before the court in that proceeding,* the order is essentially a judgment and a party can properly appeal from a subsequent order granting or denying a request for an award of attorney fees and costs under subdivision (e) of section 1294." (*Otay River Constructors v. San Diego Expressway, supra,* 158 Cal.App.4th at p. 805.)

In *Otay River,* the party seeking arbitration argued that the claims at issue there arose under a contract that required binding arbitration, but the trial court "denied the petition to compel arbitration because the claims [actually] arose out of [a different agreement] which allowed for litigation of the disputes." (*Otay River Constructors v. San Diego Expressway, supra,* 158 Cal.App.4th at pp. 800–801.) On those facts, the appellate court properly determined that the order denying arbitration was "final and appealable even though more litigation [was] contemplated in a separate action" (*id.* at p. 803) because no further issues remained to be resolved *in the proceeding to compel arbitration.*

The order that this court directed the trial court to enter in this case denying the Association's first petition to compel arbitration was different from the order denying the petition to compel arbitration in *Otay River* because the order here was not final on the issue of whether arbitration of the dispute between the parties could be compelled. In our prior opinion, we

concluded the trial court erred in granting the petition to compel arbitration *not* because the dispute between the parties was not subject to arbitration under the CC&R's, but because the Association had simply not pled and proven that it had demanded arbitration under the CC&R's and that Mansouri had refused to arbitrate under the CC&R's. (*Mansouri v. Superior Court, supra,* 181 Cal.App.4th at pp. 637–642.) Our opinion did not foreclose the Association from making a proper demand for arbitration under the CC&R's on remand or from obtaining an order from the trial court in this proceeding compelling arbitration pursuant to that subsequent demand in the event Mansouri refused.[6] Because, under our opinion, the order denying the Association's petition to compel arbitration did not put a definitive end to the proceeding, it was not "final" like the order in *Otay River* was. And because the order denying the Association's first petition to compel arbitration was not the equivalent of the final judgment in this proceeding, the January 2011 order denying Mansouri's motion for an award of attorney fees and costs cannot be deemed appealable as a special order after final judgment under subdivision (e) of section 1294, like the fee order in *Otay River* was. It likewise follows, of course, that the May 2011 order denying Mansouri's motion for reconsideration of the order denying her fee motion also cannot be deemed appealable as a special order after final judgment, since as of May 2011 there was no final judgment in the proceeding.

The same conclusion follows with respect to the May 2011 order to the extent it denied Mansouri's motion for relief under section 473(b). It has long been held that an order denying a motion for relief under section 473 "is regarded as a 'special order made after final judgment' and as such is appealable." (*Winslow v. Harold G. Ferguson Corp.* (1944) 25 Cal.2d 274, 282 [153 P.2d 714].) Thus, in a proceeding to compel arbitration like this one, an order denying a motion for relief under section 473(b) may be appealable under subdivision (e) of section 1294 as "[a] special order after final judgment," but obviously a final judgment must precede the order for that to be so. Here, as we have explained, no such judgment preceded the May 2011 order. Thus, in both of its aspects—as an order denying reconsideration and an order denying relief under section 473(b)—the May 2011 order is not appealable under section 1294.

Having found that no appeal will lie from the May 2011 order because there was no final judgment in the proceeding when the court made that order, we also deny Mansouri's request to treat her appeal as a writ

---

[6] Section 1292.6 provides that "[a]fter a petition has been filed under this title, the court in which such petition was filed retains jurisdiction to determine any subsequent petition involving the same agreement to arbitrate and the same controversy, and any such subsequent petition shall be filed in the same proceeding." Thus, the Association's second petition to compel arbitration under the CC&R's was properly filed *in this proceeding.*

petition. "We have the power to do so, but 'we should not exercise that power except under unusual circumstances.' [Citation.] Our Supreme Court has explained that, with respect to interim orders . . . , generally 'the parties must be relegated to a review of the order on appeal from the final judgment.' " (*San Joaquin County Dept. of Child Support Services v. Winn* (2008) 163 Cal.App.4th 296, 300–301 [77 Cal.Rptr.3d 470].)

To the extent Mansouri fears that a writ petition "may be [her] only mechanism for appellate review" of the denial of her motion for more than $200,000 in fees, we note that on appeal from a final judgment in a proceeding under the California Arbitration Act "the court may review . . . any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the order or judgment appealed from, or which substantially affects the rights of a party." (§ 1294.2.) Thus, on appeal from the final judgment in this proceeding, Mansouri should be able to challenge the denial of her attorney fees motion and the granting of the Association's motion to strike her costs memoranda.

The recent decision in *Benjamin, Weill & Mazer v. Kors* (2011) 195 Cal.App.4th 40 [125 Cal.Rptr.3d 469] provides an example of this. In that case, the plaintiff law firm sued the defendant client for breach of contract in May 2007 based on the client's failure to pay all of the fees the firm had billed. (*Id.* at p. 48.) The client moved to enforce an arbitration clause in the fee agreement under section 1281. (*Benjamin, Weill & Mazer v. Kors*, at p. 48.) The trial court granted that motion but denied the client's subsequent motion for attorney fees for services to enforce the arbitration agreement. (*Id.* at p. 49.)

Ultimately, a panel of arbitrators issued an award in favor of the law firm in February 2009. (*Benjamin, Weill & Mazer v. Kors, supra*, 195 Cal.App.4th at pp. 49–50.) In July 2009, the trial court denied the client's request to vacate the award and granted the law firm's petition to confirm it. (*Id.* at pp. 50–51.) On the client's appeal, the appellate court not only reversed the trial court's rulings granting the petition to confirm the award and denying the petition to vacate it, but also reversed the earlier order denying the client's motion for attorney fees. (*Id.* at p. 80.) Although the court did not say so, presumably the court reviewed the earlier denial of fees pursuant to section 1294.2.

Because mandamus relief is typically available only if there is no adequate remedy in the ordinary course of law (e.g., *San Joaquin County Dept. of Child Support Services v. Winn, supra*, 163 Cal.App.4th at p. 301), and because it appears that Mansouri still has an adequate remedy by appeal from the final judgment in this matter by which to seek review of the trial

court's denial of her motion for attorney fees and the granting of the Association's motion to strike her costs memoranda, we deny her request to treat this premature appeal as a writ petition.

## DISPOSITION

The appeal is dismissed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

Blease, Acting P. J., and Nicholson, J., concurred.

A petition for a rehearing was denied May 16, 2012, and the opinion was modified to read as printed above.