Filed 3/21/22  Harris v. University Village Thousand Oaks CCRC CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ADRIAN HARRIS et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> UNIVERSITY VILLAGE THOUSAND OAKS CCRC LLC et al., <br><br> Defendants and Respondents. | 2d Civil No. B311972 <br> (Super. Ct. No. 56-2015-00472965-CU-NP-VTA) <br> (Ventura County) |

In a previous appeal, we reversed the judgment that had confirmed an award after arbitration in favor of University Village Thousand Oaks (UVTO).  We remanded this case to the trial court for trial.  (*Harris v. University Village Thousand Oaks CCRC LLC* (2020) 49 Cal.App.5th 847 (*Harris 1*).)  On remand, the trial court denied, without prejudice, appellants' pretrial motion for costs and attorney's fees incurred in opposing and conducting the arbitration proceedings.  We conclude that the interlocutory order denying costs and attorney's fees without

prejudice is not appealable.  Accordingly, we dismiss the appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

Appellants Adrian Harris, Sonya Harris, David Clark, Jennifer Andrews-Clark,[1] and Robert James were residents of UVTO.  Upon admission, they signed Residence and Care Agreements with UVTO ("the agreements").  The agreements for the Harrises and the Clarks included arbitration clauses that provided (with insignificant wording variations): "Each party shall bear its own costs and fees in connection with the arbitration."  With minor variations in wording, the agreements for the Harrises and Clarks also provided that:  "If any party brings any action or administrative proceeding to enforce, protect, or establish any right or remedy with respect to this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees.  Arbitration is an action for purposes of this Section."  The record does not include James's agreement.

Appellants sued respondents[2] for conversion, negligence per se, negligence, intentional and negligent infliction of emotional distress, fraudulent and negligent misrepresentation, false advertising, unfair competition, elder abuse, and declaratory relief.  The trial court ordered arbitration over appellants' objection.  UVTO prevailed in the arbitration

---

[1] David Clark was substituted as successor in interest for appellant Jennifer Andrews-Clark, who died during the pendency of this appeal.  (Code Civ. Proc., § 377.11; Cal. Rules of Court, rule 8.36(a).)

[2] Respondents, collectively referred to herein as UVTO, are University Village Thousand Oaks CCRC LLC; Life Care Services LLC; Continuing Life, LLC; Ryan Exline; and Warren Spieker.

2

and the trial court confirmed the arbitration award.

In *Harris 1*, we concluded that the arbitration clauses were void. We reversed the judgment, remanded for trial, and awarded appellants their costs on appeal.

On remand, appellants filed memoranda of costs and a pretrial motion for: (1) costs on appeal ($16,854.78), (2) attorney's fees on appeal ($290,660), (3) costs related to arbitration ($71,531.76), and (4) attorney's fees related to arbitration ($838,410). The trial court denied the respondents' motion to tax costs on appeal and awarded $16,854.78, as requested. The court denied the other costs and the attorney's fees as premature, "WITHOUT PREJUDICE to plaintiffs[] renewing the motion upon the final adjudication of this action." Trial on the merits is pending.

This appeal challenges the trial court's denial of costs and attorney's fees.[3] UVTO filed a motion to dismiss the appeal, which appellants opposed. We consolidated the motion to dismiss with our consideration of the briefs on appeal.

## DISCUSSION
### *Statutory basis for appeal*

Appellants purport to appeal pursuant to Code of

---

[3] For purposes of this appeal, we consider "costs" as separate from "attorney's fees." (Compare Cal. Rules of Court, rules 3.1700, 3.1702, 8.278(d) [distinguishing costs from attorney's fees] with Code Civ. Proc., § 1033.5, subd. (a)(10) [listing attorney's fees as a recoverable cost when authorized by contract or law] and Civ. Code, § 1717, subd. (a) [attorney's fees are "an element" of costs].)

Civil Procedure[4] sections 904.1, subdivision (a)(2), and 1294, subdivision (e). We conclude that neither section authorizes this appeal.

An appealable order or judgment "is a jurisdictional prerequisite to an appeal." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) "The right to appeal is wholly statutory. [Citation.]" (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.)

Section 904.1 "'essentially codifies the "one final judgment rule,"'" which "'is based on the theory that piecemeal appeals are oppressive and costly, and that optimal appellate review is achieved by allowing appeals only after the entire action is resolved in the trial court. Ordinarily, there can be only one final judgment in an action and that judgment must dispose of all the causes of action pending between the parties. [Citation.]'" (*H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1365-1366.) The order here denying costs and fees is a nonappealable interlocutory order because "'"further . . . judicial action on the part of the court is essential to a final determination of the rights of the parties."'" (*In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1216.)

Subdivision (a)(2) of section 904.1 authorizes an appeal "[f]rom an order made after a judgment." But our reversal of the judgment in *Harris 1* "create[d] a situation where no judgment is deemed to have been entered." (*Apex LLC v. Korusfood.com* (2013) 222 Cal.App.4th 1010, 1015.) "Our judgment in [the prior appeal] is not a judgment made appealable under Code of Civil Procedure section 904.1, subdivision (a)(1)."

---

[4] Undesignated statutory references are to the Code of Civil Procedure.

4

(*Ibid*.)  Because there has been no appealable judgment, appeal of the order denying fees is not authorized as "'an order made after a judgment.'" (*Ibid*.)

*Markart v. Zeimer* (1925) 74 Cal.App. 152, upon which appellants rely, does not help them.  It permitted an appeal from denial of a motion to tax *costs on appeal*.  (*Id*. at p. 158.)  Here, there is no appeal from the superior court's order awarding the costs on appeal we authorized in *Harris 1*.  Moreover, *Markart* was based on former section 963, which allowed an appeal "from any special order made after final judgment." (Stats. 1923, ch. 366, § 2.)  Former section 963 did "not expressly restrict its operation as to appeals from special orders after final judgments to those made after final judgments of the superior court." (*Markart*, at p. 158.)  But current law does so; it expressly restricts appeals to an order after an *appealable* judgment.  (§ 904.1, subd. (a)(2).)

Nor is the trial court's order appealable pursuant to section 1294, subdivision (e), which authorizes appeal of "a special order after final judgment" in an arbitration case.  As in *Fleur du Lac Estates Assn. v. Mansouri* (2012) 205 Cal.App.4th 249, 257, our ruling in *Harris 1* reversing the arbitration award "did not put a definitive end to the proceeding," and "was not the equivalent of the final judgment in this proceeding." In *Fleur du Lac*, the denial of a petition to compel arbitration was not deemed to be a final judgment because it did not preclude a second petition for arbitration.  Likewise, our ruling in *Harris 1* was not a final judgment because it resulted in remand for trial.  As in *Fleur du Lac*, the appeal here must be dismissed.

### *Costs and attorney's fees on appeal*

Appellants contend they may now appeal from the

5

trial court's denial of their motion for attorney's fees incurred on appeal. We disagree.

On appeal, "[u]nless the court orders otherwise, an award of costs neither includes attorney's fees on appeal nor precludes a party from seeking them under rule 3.1702." (Cal. Rules of Court, rule 8.278(d)(2).) "Rule 8.278(d)(2) . . . underscores the distinction between trial costs, which may include attorney fees, and appellate costs, which do not. . . . '[A]ny decision on allocation of appellate costs is irrelevant to a later motion for fees in the trial court.' [Citation.]" (*Stratton v. Beck* (2018) 30 Cal.App.5th 901, 910-911, italics omitted.)

"The provisions allowing costs on appeal . . . are entirely separate from the contractual provision for fees and do not depend on the party winning the appeal being the ultimate prevailing party." (*Presley of Southern California v. Whelan* (1983) 146 Cal.App.3d 959, 962.) A "well settled rule exclud[es] attorney fees from the costs a party winning an appeal may recover under section 1034 [citations]." (*Ibid.*)

Costs ordered by the appellate court are "conceptually separate" from costs and fees on appeal awarded by a trial court pursuant to some other authority. (*Lucky United Properties Investment, Inc. v. Lee* (2013) 213 Cal.App.4th 635, 655 [costs and fees pursuant to anti-SLAPP statute].) Here, the source of attorney's fees sought by appellants resides in the underlying contracts, not in our disposition in *Harris 1.*

*Barnes v. Litton Systems, Inc.* (1994) 28 Cal.App.4th 681 (*Barnes*) held that following an appeal reversing a judgment, a trial court order partially taxing appellant's costs was not appealable, for two reasons. First, no judgment had been entered. (*Id.* at pp. 683-684.) Second, because "the case is

6

presently awaiting trial," the order taxing costs was "not sufficiently final." (*Id.* at p. 685.) This reasoning precludes the appeal here of the pretrial order denying attorney's fees on appeal.

*Krikorian Premiere Theatres, LLC v. Westminster Central, LLC* (2011) 193 Cal.App.4th 1075 (*Krikorian*), upon which appellants rely, declined to follow *Barnes* and held that an order denying in part a motion to tax costs on appeal was appealable. (*Krikorian*, at p. 1083.) The court reasoned that the award of costs on appeal ""finds its origin in the order of an appellate . . . [c]ourt."" (*Ibid.*) Here, no party appealed from the trial court's award of costs on appeal. Because our order in *Harris 1* did not originate any award of attorney's fees, *Krikorian* does not authorize an appeal of the trial court's denial of attorney's fees following remand but before trial.

In *Rostack Investments, Inc. v. Sabella* (2019) 32 Cal.App.5th 70, 79, the court referred to *Barnes* as "an outlier" and stated the prevailing view that "an order taxing appellate costs (or an order denying a motion to tax those costs) is immediately appealable," even when trial following remand is still pending. The reason is that the appellate court's ruling "represents an independent *judgment*" and "it is the appellate court, not the trial court, that is the source of the award," notwithstanding the trial court's role in setting the amount. (*Rostack*, at pp. 78-79.) But here, any award of attorney's fees would originate with the trial court, not the appellate court. Thus, appellants may not appeal from the interlocutory order denying attorney's fees on appeal.

### *Trial court and arbitration costs and fees*

Nor does appeal lie from the denial of costs and

attorney's fees connected with appellants' opposition in the trial court to the motion to compel arbitration, or for the arbitration itself. Like the denial of attorney's fees on appeal, denial of the other costs and fees is not appealable as an order after judgment because there is no appealable judgment. (§§ 904.1, subd. (a)(2), 1294, subd. (e).)

Appellants contend the petition for arbitration was a separate equitable action that was resolved in their favor in *Harris 1* and is now final. They rely on *Squire's Department Store, Inc. v. Dudum* (1953) 115 Cal.App.2d 320 (*Squire's*). *Squire's* is inapposite.

In *Squire's*, the lessor sued the lessee for fraud. (*Squire's*, *supra*, 115 Cal.App.2d at p. 322.) The lessee filed a petition to compel arbitration as a second lawsuit under a different case number. (*Id.* at p. 325.) The Court of Appeal held that the order denying the petition for arbitration and dismissing that action "operated as a final judgment and as such is appealable." (*Id.* at p. 330.) The lessee could also appeal the order awarding costs to the lessor (including a portion of the arbitrator's fee) "as a special order made after final judgment." (*Id.* at p. 331.)[5]

A similar result was reached in *Otay River Constructors v. San Diego Expressway* (2008) 158 Cal.App.4th 796 (*Otay*). Because the defendant in *Otay* defeated an independent petition for arbitration, and the arbitration clause was "the only contract claim at issue in the action," the defendant

---

[5] After *Squire's*, the law was changed to provide that when a lawsuit has been filed, the arbitration petition must be filed in the same lawsuit. (§ 1292.4; *Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515, 521, fn. 4 (*Frog Creek*).)

8

was entitled to attorney's fees incurred before litigating the same claims pursuant to another contract. (*Id.* at p. 807.) In *Otay*, the court held that the order denying attorney's fees and costs was appealable as "'[a] special order after final judgment'" pursuant to section 1294, subdivision (e). (*Otay*, at p. 801.)

But neither *Squire's* nor *Otay* authorizes the appeal here. No independent lawsuit for arbitration was filed, let alone terminated, and the merits of the only lawsuit filed by appellants have not been determined.

Petitions to compel arbitration filed in an existing lawsuit were the subject of *Frog Creek, supra,* 206 Cal.App.4th 515. There, the defendant filed two petitions to compel arbitration, based on different versions of the contract. The Court of Appeal denied arbitration in the appeal of the first petition but upheld the right to arbitrate in the appeal of the second petition. After arbitration, the trial court awarded attorney's fees to *both parties* based on their respective appellate victories. The Court of Appeal held that there can be only one prevailing party entitled to attorney's fees regarding "contractual claims involving the same contract," and reversed the award of attorney's fees to plaintiff. (*Id.* at pp. 527, 547.) The court distinguished cases allowing fees after "a party *defeats an independent petition* to compel arbitration" because there, "the action is terminated," "'even though the merits of the parties' underlying contractual disputes have not yet been resolved . . . .'" (*Id.* at pp. 533-534, some italics added.)

The purported appeal here is not from "'discrete legal proceeding[s]'" in an independent petition to compel arbitration, but is instead "'an interim ruling, where further proceedings in the same litigation [are] contemplated.'" (*Frog Creek, supra,* 206

9

Cal.App.4th at p. 535, italics omitted.)  And unlike *Frog Creek*, the purported appeal taken here is from an order *declining* to order the payment of money made *before* resolution of the merits of the lawsuit.  Moreover, the *Frog Creek* opinion does not discuss whether the order granting fees was appealable.  "'"It is axiomatic that cases are not authority for propositions not considered."' [Citations.]'" (*Tate v. Wilburn* (2010) 184 Cal.App.4th 150, 159, fn. 8.)

Appellants' reliance on *DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968, is misplaced.  There, our Supreme Court affirmed the denial of attorney's fees following dismissal of the California case based on forum non conveniens. The court held that because the "interim victor[y]" did not resolve the merits of the lawsuit, there was no "prevailing party" entitled to attorney's fees pursuant to Civil Code section 1717. (*DisputeSuite.com*, at p. 977.)  Like *Frog Creek*, the court did not discuss appealability.

### Collateral order doctrine

Appellants contend that cases allowing appeal of interim awards of costs or fees authorize the appeal here.  We are not persuaded.

The collateral order doctrine allows appeal of "an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act." (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368.)  The collateral order doctrine allows appeal of orders to pay money, not orders *denying* requests for costs or fees.  (*Pacific Corporate Group Holdings, LLC v. Keck* (2014) 232 Cal.App.4th 294, 306.)

As discussed above, *Krikorian* held that an order

denying *in part* a motion to tax costs on appeal was appealable as an order after judgment.  The court further stated, "Separately and alternatively, however, even assuming an order taxing costs is no longer appealable as an order after judgment, we believe it is appealable under the collateral order doctrine." (*Krikorian*, *supra*, 193 Cal.App.4th at p. 1083.)  "The effect of an order denying a motion to tax costs, in whole or in part, is that the moving party must pay the costs allowed." (*Id.* at p. 1084.)  The court declined to "decide whether an order taxing all costs, and thus awarding zero, would be immediately appealable." (*Id.* at p. 1084, fn. 3.)

Krikorian is consistent with *Lachkar v. Lachkar* (1986) 182 Cal.App.3d 641, 645, fn. 1, and *Acosta v. Kerrigan* (2007) 150 Cal.App.4th 1124, 1128, fn. 4, which allow appeals of attorney's fee awards for successful motions to compel arbitration as "an order requiring an aggrieved party immediately to pay money or perform some other act."  But none of these cases authorize an appeal of an interlocutory order *denying* costs and fees.

In *Apex LLC v. Korusfood.com, supra*, 222 Cal.App.4th at p. 1015, fn. 1, the court noted the split of authority between *Barnes* and *Krikorian* regarding whether a trial court order granting attorney's fees on appeal was appealable pursuant to section 904.1, subdivision (a)(2).  The court declined to decide which case to follow because the order to *pay fees* was appealable as a collateral order.  (*Apex*, at p. 1015, fn. 1.)  But the appeal here does not challenge an order to pay.

Nor is appeal authorized by *Patterson v. Superior Court* (2021) 70 Cal.App.5th 473, cited by appellants.  The agreement in *Patterson*, unlike the agreements here, specifically

required that a party resisting arbitration pay all fees, costs, and expenses incurred by the other party to compel arbitration. (*Id.* at p. 479.) But the case arose from a writ of mandate, not an appeal. And the writ vacated an order to pay fees, not an order denying fees without prejudice.

More recently, Division 7 of the Second Appellate District held that an order denying attorney's fees was not a collateral order because it did not direct the payment of money. (*Sanchez v. Westlake Services, LLC* (2022) 73 Cal.App.5th 1100, 1108.) In *Sanchez*, the trial court awarded costs and prejudgment interest, but because there was no attempt to appeal that portion of the court's order, the order denying attorney's fees was not appealable as a collateral order. (*Ibid.*) The same result follows here.

### *Action on a contract*

Finally, appellants contend the order denying attorney's fees and costs is appealable because the arbitration petition was the only contractual claim made, and it was resolved in their favor. We reject this contention. Indeed, we need not determine whether arbitrability was the sole contractual claim because the denial of attorney's fees and costs, without prejudice, was not an order following an appealable judgment.

Appellants rely on *Hsu v. Abbara* (1995) 9 Cal.4th 863, which stated that pursuant to Civil Code section 1717, "the determination of prevailing party for purposes of contractual attorney fees was to be made without reference to the success or failure of noncontract claims." (*Hsu,* at pp. 873-874.) There, the contractual and noncontractual claims involved different parties. The contractual claims (a complaint filed by potential buyers against the sellers seeking specific performance of a purported

12

sales contract) were bifurcated for trial from the noncontractual claims (a cross-complaint by the sellers against their real estate agents for negligence, breach of fiduciary duty, and breach of the listing agreement). (*Id.* at p. 867.) The sellers sought attorney's fees following trial on the complaint in which the court granted judgment in their favor. The court stated, "a party who is denied direct relief on a claim may nonetheless be found to be a prevailing party if it is clear that the party has otherwise achieved its main litigation objective." (*Id.* at p. 877.) *Hsu* is inapposite here because no party has "achieved its main litigation objective." (*Ibid.*) Moreover, the issue in *Hsu* was the trial court's discretion to award fees, not appealability.

In summary, regardless of whether arbitrability was the only contractual issue presented below, the denial of costs and fees, without prejudice to renewal upon resolution of the merits, is not an appealable order.

## DISPOSITION

The appeal is dismissed. Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

GILBERT, P. J.        PERREN, J.

13

Matthew P. Guasco, Judge

Superior Court County of Ventura

_____


       Law Office of Glenn A. Harris and Glenn A. Harris for Plaintiffs and Appellants.

       Lewis Brisbois Bisgaard & Smith, Jeffrey A. Miller, Tracy D. Forbath, Bryan R. Reid and Judith M. Tishkoff for Defendants and Respondents.