Filed 4/6/17

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| DISPUTESUITE.COM, LLC, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S226652 |
| v. | ) | |
| | ) | Ct.App. 2/2 B248694 |
| SCOREINC.COM et al., | ) | |
| | ) | Los Angeles County |
| Defendants and Appellants. | ) | Super. Ct. No. BC489083 |
| _____ | ) | |

Is the defendant in an action arising out of contract entitled to an award of attorney fees under Civil Code section 1717 (section 1717) by virtue of having obtained a dismissal from a California court on the ground that the agreement at issue contained a forum selection clause specifying the courts of another jurisdiction?  In the circumstances of this case, we conclude the trial court did not abuse its discretion in finding that defendants were not prevailing parties for purposes of section 1717.  Considering that the action had already been refiled in the chosen jurisdiction and the parties' substantive disputes remained unresolved, the court could reasonably conclude neither party had yet achieved its litigation objectives to an extent warranting an award of fees.  (See § 1717, subd. (b)(1) [court may determine that there is no party prevailing on the contract]; *Hsu v. Abbara* (1995) 9 Cal.4th 863, 876 [prevailing party determination is to be made by comparing the parties' relative degrees of success "upon final resolution of the contract claims"].)

1

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff DisputeSuite.com, LLC (DisputeSuite) owns copyrighted software it markets to credit repair organizations (CROs) for their use in serving their customers. Defendant Scoreinc.com performs services for CROs, including supporting credit repair software such as DisputeSuite's. The individual defendants are principals of Scoreinc.com; we refer to defendants collectively as Score.

The parties entered into a business relationship embodied in a series of oral and written agreements. Under these agreements, DisputeSuite referred CROs buying its software to Score for outsourcing services, licensed the software to Score and allowed Score to relicense it to end users, and provided Score with proprietary marketing methods. In return, Score agreed to pay DisputeSuite a commission on referred CROs, to provide services only to CROs that used DisputeSuite's software, to market that software exclusively, and to maintain the confidentiality of marketing information and software DisputeSuite provided.

Two of the parties' written agreements, referred to as the "Master Re-Seller Agreement" and the "Cross-Marketing Agreement," contain clauses subjecting disputes arising out of the agreements to the sole jurisdiction of courts in Florida. According to DisputeSuite, a third contract, the "End-User Agreement," had been modified to specify courts in Los Angeles as the exclusive forum for dispute resolution, but Score denied receiving notice of that modification.

In July of 2012, DisputeSuite brought this action for breach of contract, fraud, and related causes of action, alleging Score had breached its obligations to pay commissions and to use only DisputeSuite's software in its services to CROs. In September, the court issued a preliminary injunction barring Score from transferring CROs referred by DisputeSuite to other software platforms or

2

transferring DisputeSuite software to anyone other than the parties' joint customers.

Citing the two Florida forum selection clauses, Score moved to dismiss the action on grounds of forum non conveniens. On October 11, 2012, the trial court granted the motion, concluding the action arose out of the Master Re-Seller and Cross-Marketing Agreements, which specified courts in Florida as the proper forum, rather than the End-User Agreement, which DisputeSuite maintained specified Los Angeles as the forum. The court, however, stayed the action rather than immediately dismissing it, giving DisputeSuite 60 days to refile in Florida. After granting DisputeSuite a one-week extension of that period, on December 18, 2012, the court dismissed the case and vacated its preliminary injunction.

Score then moved to recover $84,640 in attorney fees incurred in connection with the motion to dismiss, relying on an attorney fee clause in the Cross-Marketing Agreement and on section 1717. The trial court denied the motion, finding that because the merits of the contract issues were still disputed and under litigation, Score was not the prevailing party for purposes of section 1717. In the trial court's view, a defendant would be entitled to fees for obtaining a nonmerits victory only if that victory finally ended the parties' litigation, which was not the case here. "DisputeSuite has filed suit in Florida, the more convenient forum. As Defendants have not prevailed on the parties' contract, they are not entitled to an award of reasonable attorneys' fees."

The Court of Appeal affirmed, agreeing with the trial court that Score was not entitled to fees because "there has been no final resolution of the contract claims." Score had not achieved an unqualified victory on the contract claim against it. Rather, "[d]efendants succeeded only in enforcing one contractual clause, not in disposing of all of plaintiff's contract claims. Thus, defendants

3

obtained merely an interim victory by succeeding in getting the case moved from one forum to another, thereby delaying final resolution of the contract claims."

We granted Score's petition for review.

**DISCUSSION**

Section 1717, subdivision (a), provides in part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." Subdivision (b)(1) of the statute provides: "The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2) [relating to voluntary dismissals and settlements], the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section."

The trial court ruling on a motion for fees under section 1717 is vested with discretion in determining which party has prevailed on the contract, or that no party has. (*Hsu v. Abbara*, *supra*, 9 Cal.4th at p. 871 (*Hsu*).) "If neither party achieves a complete victory on all the contract claims, it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees." (*Scott Co. v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1109.) As we explained in *Hsu*, a party who obtains an unqualified victory on a contract dispute, including a defendant who defeats recovery by the plaintiff on the plaintiff's entire contract claim, is entitled as a matter of law to be considered the prevailing party for

4

purposes of section 1717. (*Hsu*, *supra*, at p. 876.) But "when the results of the [contract] litigation are mixed," the trial court has discretion under the statute to determine that no party has prevailed. (*Ibid.*)

In *Hsu*, the trial court granted the defendants' motion for judgment on the complaint for breach of contract but denied the defendants' motion for fees under section 1717. (*Hsu*, *supra*, 9 Cal.4th at pp. 868–869.) The plaintiffs contended the trial court could properly conclude neither party had prevailed, and deny the fee request, because the defendants had acted inequitably in the disputed transaction. (*Id.* at pp. 869, 871.) We rejected the plaintiffs' interpretation of section 1717, holding that when one party has achieved an unqualified victory on the only disputed contract claim, that party has prevailed; the trial court may not invoke equitable considerations unrelated to litigation success as grounds to deny fees under the statute. (*Hsu*, *supra*, at pp. 876–877.)

We articulated our general holding in *Hsu*, that the prevailing party determination depended on success vis-à-vis the disputed contract claim or claims, as follows: "Accordingly, we hold that in deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.' " (*Hsu*, *supra*, 9 Cal.4th at p. 876.)

Applying these principles, we conclude the trial court acted within its discretion in determining that Score had not "prevail[ed] on the contract" within the meaning of section 1717, subdivision (b)(1), by moving the litigation to Florida. While Score had succeeded in enforcing the forum selection clauses in

5

two of its agreements with DisputeSuite, it had not defeated DisputeSuite's breach of contract and related claims. Because none of those claims had yet been resolved and the litigation was still ongoing in Florida, the California trial court was in no position to "compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives"; that comparison could be made only "upon final resolution of the contract claims." (*Hsu*, *supra*, 9 Cal.4th at p. 876.) Score was therefore not the prevailing party as a matter of law, and the trial court could reasonably decide that at the time fees were sought "neither party [had] prevailed sufficiently to justify an award of attorney fees." (*Scott Co. v. Blount, Inc.*, *supra*, 20 Cal.4th at p. 1109.)

No reported California case appears to have decided the precise issue before us here, a defendant's entitlement to attorney fees for obtaining dismissal of a contract action under the agreement's forum selection clause. The section 1717 issue has, however, arisen in related procedural contexts, in which a party has won a procedural victory ending the contract litigation in one court but the litigation has continued or could continue in a different forum. Courts of Appeal have reached differing results on the diverse facts of these cases.

In *Estate of Drummond* (2007) 149 Cal.App.4th 46 (*Drummond*), a testator's children engaged an attorney to contest their father's will, but eventually fired the attorney and disputed his claim for payment of fees. (*Id.* at pp. 48–49.) After the children filed a civil action against the attorney for fraud and breach of faith, the attorney petitioned successfully in probate court for the disputed fees, (*id.* at p. 49), but the Court of Appeal held the attorney's claim should instead have been filed as a cross-complaint in the children's civil action; hence, on remand, the probate petition was dismissed and the attorney filed a cross-complaint for his fees in the civil action. (*Ibid.*) The children then sought their own attorney fees

6

incurred in defending the probate petition, which the probate court denied.  (*Id.* at pp. 49–50.)

The Court of Appeal affirmed.  The court held the fees were properly denied under section 1717 because the testator's children had "obtained only an interim victory, based on [the attorney] having attempted to pursue his claims in the wrong forum."  (*Drummond*, *supra*, 149 Cal.App.4th at p. 51.)  Put another way, the children had "at no time won a victory 'on the contract.'  They [had] only succeeded at moving a determination on the merits from one forum to another." (*Id.* at p. 53.)  The trial court's denial of fees was thus consistent with *Hsu*'s direction that the prevailing party determination be made only after " 'final resolution of the contract claims.' "  (*Drummond*, *supra*, at p. 51, quoting *Hsu*, *supra*, 9 Cal.4th at p. 876.)

The *Drummond* court did not rule out the possibility a defendant might prevail on the contract within the meaning of section 1717 by winning a purely procedural dismissal.  If refiling in another forum would be legally barred—by the statute of limitations, for example—or would be otherwise impossible or impracticable, the defendant might be deemed the prevailing party without obtaining a resolution on the merits.  (*Drummond*, *supra*, 149 Cal.App.4th at p. 53.)  In *Drummond*, however, the attorney had already refiled his contractual claim in the civil action.  "The dismissal of his petition in the probate matter did not defeat his contract claims; it merely deflected or forestalled them."  (*Ibid.*)

The same may be said of Score's achievement in the California trial court. In obtaining dismissal in favor of a Florida venue, Score did not defeat DisputeSuite's breach of contract and related claims, but succeeded only in moving their resolution to another forum.  This is not a case in which the claims' prosecution in another forum is barred or even doubtful; DisputeSuite had already refiled in Florida at the time Score requested its fees for obtaining dismissal in

7

California.  Far from "obtain[ing] a 'simple, unqualified win' " on the contract claims (*Hsu*, *supra*, 9 Cal.4th at p. 877), Score merely obtained a different forum in which to oppose them.  Such a victory was insufficient to make Score the prevailing party as a matter of law.

The court in *Lachkar v. Lachkar* (1986) 182 Cal.App.3d 641 reached a similar conclusion in the arbitration context.  After granting the plaintiffs' petition to compel arbitration of a dispute arising from a contract for sale of a business (without any civil action on the contract having yet been filed), the trial court awarded the plaintiffs their attorney fees expended on the petition to compel under the sale agreement's attorney fee provision.  (*Id.* at pp. 643–645, 647.)  The appellate court reversed.  Applying the then-current version of section 1717, which defined the prevailing party as " 'the party who is entitled to recover costs of suit,' " the court reasoned the statute required a "final disposition of the rights of the parties" and a reckoning by the trial court of the " 'net success of the respective parties,' " which could not be ascertained " 'until the final termination of the suit.' "  (*Id.* at pp. 648–649.)  In ordering the dispute to arbitration, the trial court had not determined the parties' substantive rights; no party had yet prevailed within the meaning of section 1717.  (*Id.* at p. 649; accord, *Green v. Mt. Diablo Hospital Dist.* (1989) 207 Cal.App.3d 63, 76.)

Although decided under an earlier version of section 1717, *Lachkar*'s conclusion accords with *Drummond*'s:  A party does not become the prevailing party under the statute merely by obtaining a forum for resolution of the contractual dispute or by moving it from one forum to another.  *Lachkar*'s view that the prevailing party cannot be determined until the contractual dispute reaches a final disposition and the parties' respective achievements can be compared prefigured this court's direction that the trial court should decide which party, if either, has prevailed "only upon final resolution of the contract claims and only by

8

'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.' " (*Hsu*, *supra*, 9 Cal.4th at p. 876.)

*Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515 (*Frog Creek*), also an arbitration case, followed *Lachkar* and *Drummond* in denying fees for prevailing on an interim motion that did not resolve the parties' substantive dispute. In *Frog Creek*, a property owner filed a civil action against a builder for breach of an agreement to construct improvements on the property; the builder cross-complained. The defendant builder twice petitioned to compel arbitration under the contract. The trial court denied the first petition but, pursuant to an appellate court order, granted the second. In arbitration, the defendant won a substantial award. (*Frog Creek*, *supra*, at pp. 521–523.) At issue on appeal was the propriety of awarding the plaintiff, rather than the defendant, attorney fees incurred opposing the first, unsuccessful, petition to compel arbitration. (*Id.* at p. 523.)

The *Frog Creek* court held that under section 1717, attorney fees for the first petition to compel should have been awarded to the defendant, who prevailed on the contract dispute as a whole, rather than to the plaintiff, who won only an interim victory on the first petition. That victory did not make the plaintiff the prevailing party on the contract because denial of the petition to compel arbitration "did not resolve the parties' contract dispute; instead, the merits of that dispute remained before the court in [the plaintiff's] complaint and [the defendant's] cross-complaint." (*Frog Creek*, *supra*, 206 Cal.App.4th at p. 546.) That dispute was ultimately resolved in the defendant's favor through arbitration. The defendant was thus the prevailing party on the contract and, under prior appellate decisions, was "entitled to all of its fees, including fees incurred during the lawsuit in proceedings where it did not prevail." (*Ibid.*)

9

Although *Frog Creek* is not closely analogous to this case procedurally—the petition to compel for which fees were sought there did not result in moving the litigation to another forum, as the dismissal motion here did—it supports the denial of fees in this case by its invocation of the general principle, equally applicable here, that fees under section 1717 are awarded to the party who prevailed on the contract overall, not to a party who prevailed only at an interim procedural step.  (*Frog Creek*, *supra*, 206 Cal.App.4th at p. 546; accord, *Presley of Southern California v. Whelan* (1983) 146 Cal.App.3d 959, 961 [reversing an award of fees under section 1717 to plaintiff who obtained reversal of defense summary judgment on appeal, on grounds that the overall victor of the contract action "is yet to be determined"].)  While section 1717, subdivision (a), entitles the prevailing party only to its *reasonable* attorney fees, allowing the trial court in its discretion "to exclude from a fee award the fees incurred by a prevailing party in making frivolous procedural maneuvers," the general rule remains that the prevailing party is entitled to all reasonable fees, without offset for interim victories by the other party.  (*Presley of Southern California v. Whelan*, *supra*, at p. 963; see *Mustachio v. Great Western Bank* (1996) 48 Cal.App.4th 1145, 1148, 1150 [plaintiff who prevailed on contract action was entitled to her reasonable fees under section 1717, including fees expended on multiparty appeal, even though appeal resulted in reversal of a punitive damages award].)

As was the case for the plaintiff in *Frog Creek*, here Score prevailed only on an interim motion that did not resolve the parties' contract dispute.  Whether Score will ultimately be the overall victor, and become entitled to its attorney fees pursuant to the agreements, remains to be seen.[1]

---

[1]     As the trial court suggested in denying Score's fee request, Score, should it ultimately prevail in Florida, may be able to recover the attorney fees incurred on

*(footnote continued on next page)*

10

Score relies primarily on two cases in which fees were awarded to the defendant for obtaining dismissal in a California court: *Profit Concepts Management, Inc. v. Griffith* (2008) 162 Cal.App.4th 950 (*Profit Concepts*), and *PNEC Corp. v. Meyer* (2010) 190 Cal.App.4th 66 (*PNEC Corp.*).

In *Profit Concepts*, a company sued its former employee, a resident of Oklahoma, in California for breach of an agreement containing an attorney fees clause. The trial court granted the defendant's motion to quash service for lack of personal jurisdiction and awarded the defendant his fees. (*Profit Concepts*, *supra*, 162 Cal.App.4th at pp. 952–953.) On appeal, the court affirmed the fee award, reasoning that by quashing service the trial court had denied the plaintiff any recovery on its complaint, making the defendant the prevailing party under section 1717. (At p. 956.) Moreover, the appellate court held, the prevailing party determination must be made without "speculation" over "whether the plaintiff may refile the action after a motion to quash service is granted." (*Ibid.*)

*Profit Concepts'* reference to "speculation" about the litigation continuing in another forum would seem to distinguish it from the present case, where the trial court delayed dismissal to give plaintiff time to refile in Florida and relied, in exercising its discretion against a fee award, on its knowledge that the litigation

_____

*(footnote continued from previous page)*

its successful motion to dismiss the California case. (See *East Coast Metal Decks, Inc. v. Boran Craig Barber Engel Constr. Co.* (Fla.Dist.Ct.App. 2013) 114 So.3d 311, 313 [party that, by enforcing contractual venue provision, prevailed on a motion to transfer was entitled to provisional award of fees, conditioned on its being the party "ultimately prevail[ing] on the significant issues in the action"].)

Because events occurring after the lower court's ruling cannot affect the correctness of that ruling, we deny as irrelevant Score's request, filed January 31, 2017, for judicial notice of docket entries and filed documents from the Florida trial court.

11

was indeed continuing in that forum. But the opinion goes on, rather puzzlingly, to note that the plaintiff *did* file an action in Oklahoma; the *Profit Concepts* court nonetheless affirmed the fee award because "the matter has been completely resolved vis-à-vis the California courts." (*Profit Concepts*, *supra*, 162 Cal.App.4th at p. 956.) The opinion leaves unclear whether the plaintiff had refiled in Oklahoma before the California trial court ruled on the defendant's fee request and, if so, whether that fact was brought to the trial court's attention. Given the uncertainty over its facts and its description of the refiling as speculative, *Profit Concepts* does not stand for the proposition that a court abuses its discretion in denying a fee request when, as here, the action has already been refiled in another forum.

*PNEC Corp.* followed *Profit Concepts* in affirming a fee award to a breach-of-contract defendant who successfully moved to dismiss the action, the difference being that the dismissal in *PNEC Corp.* was based on forum non conveniens rather than lack of personal jurisdiction. (*PNEC Corp.*, *supra*, 190 Cal.App.4th at pp. 68–69.) As far as the decision indicates, the plaintiff had not refiled the action in the more appropriate forum (the State of Washington). The appellate court deemed the question of refiling "speculative" and on this basis distinguished *Drummond*, in which the attorney's probate claim had been refiled as a cross-complaint in the pending civil action. (*PNEC Corp.*, *supra*, at p. 73.)

*PNEC Corp.* is thus clearly distinguishable from the present case as well as from *Drummond*, for here the trial court, when it decided the fee motion, was well aware the action had been refiled in Florida. And, like *Profit Concepts*, *PNEC Corp.* is further distinguishable as involving review of a fee award rather than a denial of fees. In reviewing a trial court's exercise of discretion to determine the prevailing party under section 1717, appellate courts "are required to uphold a reasonable ruling *even if we might not have ruled the same way and a contrary*

12

*ruling would also be sustainable.*" (*In re Tobacco Cases I* (2013) 216 Cal.App.4th 570, 578, italics added.) That the courts in *Profit Concepts* and *PNEC Corp.* may have acted within their discretion in awarding fees for obtaining a dismissal does not imply it is an abuse of that discretion to rule, as did the court here, that fees should not yet be awarded because the dismissal did not end the contractual litigation but merely moved it to another forum.

Whether or not these decisions reached defensible results, portions of their reasoning are inconsistent with our analysis. *Profit Concepts* reasoned the defendant was the prevailing party because "[t]he case *in California* has been finally resolved" without any recovery on the contract, and the prevailing party determination "must be made without consideration of whether the plaintiff may refile the action" in another forum. (*Profit Concepts*, *supra*, 162 Cal.App.4th at p. 956.) The *PNEC Corp.* court quoted and relied on this analysis for its own holding on fees. (*PNEC Corp.*, *supra*, 190 Cal.App.4th at p. 71.) But we hold here that the trial court properly considered the fact that DisputeSuite's contract claims remained to be resolved in Florida, where it had refiled the action, in determining that neither party had yet prevailed on the contract. We therefore disapprove *Profit Concepts Management, Inc. v. Griffith*, *supra*, 162 Cal.App.4th 950 and *PNEC Corp. v. Meyer*, *supra*, 190 Cal.App.4th 66 to the extent they state the prevailing party determination under section 1717 must be made without regard to the contract litigation's continuation in another forum.

Score also relies on *Turner v. Schultz* (2009) 175 Cal.App.4th 974 (*Turner*), which affirmed a fee award to defendants who obtained dismissal of the plaintiff's San Francisco action seeking to enjoin arbitration of a contract dispute between the parties that had been ordered by a Contra Costa County court in an action filed by the same plaintiff. (*Id.* at pp. 977–979.) The appellate court concluded the trial court had properly awarded fees to the defendants under the contract and section

13

1717, because the dismissed San Francisco action was distinct substantively and procedurally from the action continuing in Contra Costa: "The fees at issue were incurred in connection with an independent complaint for declaratory and injunctive relief. . . . [T]he only issue before the court—whether the arbitration should be allowed to proceed—was resolved in defendants' favor in this discrete legal proceeding. . . . Under the circumstances, it appears that defendants' entitlement to attorney fees in this legal action is independent of the outcome of the arbitration of the merits of the underlying dispute . . . ." (*Turner*, at p. 983.) The court also observed that it was the plaintiff "who initiated both actions; he must accept the consequences of forcing defendants to fight on two fronts." (*Id.* at p. 985.)

The California and Florida actions in the present case were not substantively independent in the manner of the San Francisco and Contra Costa actions in *Turner*. Whereas in Mr. Turner's San Francisco action only the question of arbitration was at issue, and not the substance of the contractual dispute being litigated in Contra Costa County, here DisputeSuite's California lawsuit put at issue the entirety of its claims against Score, claims that, at the time the California court denied Score's fee motion, were still being litigated in Florida. Nor did DisputeSuite choose to make Score "fight on two fronts" (*Turner*, *supra*, 175 Cal.App.4th at p. 985); DisputeSuite initiated its second action only after Score successfully applied to dismiss the California suit in favor of possible litigation in Florida. *Turner* thus does not suggest the superior court in this case abused its discretion in denying attorney fees for a preliminary decision determining the proper forum.

Finally, Score cites this court's decision in *Christensen v. Dewor Developments* (1983) 33 Cal.3d 778 (*Christensen*). The principal issue in that case was "whether a party retains the right to insist upon arbitration after he has

14

filed a lawsuit over admittedly arbitrable disputes, for the asserted purpose of discovering his opponent's legal theories, and has pursued that litigation through successive demurrers, abandoning it only a day before a scheduled hearing on the adequacy of his amended complaint." (*Id.* at p. 780.) We answered this question in the negative, holding the plaintiff had waived his right to arbitrate the dispute by filing and pursuing his civil complaint. (*Id.* at pp. 781–784.) In a brief passage, we then held the defendants were entitled under section 1717 to their fees for successfully opposing the petition to compel arbitration. Our complete substantive discussion of the question was as follows: "Although the trial court retains great discretion to fix the amount of attorney's fees, it was an abuse of discretion, in the face of section 1717 and the contractual provision for attorney's fees for the prevailing party, to deny them altogether." (*Christensen*, *supra*, at p. 786.)

The *Christensen* court did not discuss section 1717's definition of "prevailing party" or whether the defendants' defeat of the petition to compel arbitration should be considered merely an interim victory, given that the plaintiff's civil action had been dismissed without prejudice. (See *Christensen*, *supra*, 33 Cal.3d at p. 784.) *Christensen* was decided under an earlier version of section 1717 than *Hsu* and did not address whether the prevailing party determination may be made after an interim victory or, as we later said in *Hsu*, must await "final resolution of the contract claims." (*Hsu*, *supra*, 9 Cal.4th at p. 876.) Whether or not we would reach the same result today on the facts of *Christensen*, we find the decision's brief discussion of attorney fees unilluminating as a guide to deciding the present case.

Score argues that an award of fees under section 1717 should not require a victory on the merits of the contractual dispute, as opposed to a victory on procedural grounds. We agree. A procedural victory that finally disposes of the

15

parties' contractual dispute, such as an involuntary dismissal with prejudice and without any likelihood of refiling the same litigation in another forum, may merit a prevailing party award of fees under section 1717. The flaw in Score's claim to be the prevailing party here is not that its victory in the California trial court was procedural but that it was not dispositive of the contractual dispute. By the time of the trial court's decision on fees, that dispute was already being litigated in a Florida court.

Score also warns that a failure to award attorney fees here will encourage "distant forum abuse," especially in debt collection cases: "unscrupulous creditors will be encouraged to file consumer collection actions in the wrong forum, knowing that a dismissal based on forum non conveniens will never trigger contractual fee shifting." We do not, however, hold fees may never be awarded for obtaining a dismissal on grounds of improper forum, only that to deny fees here, where the action had been promptly refiled in the appropriate forum, was not an abuse of the court's discretion.[2] And as noted earlier (*ante*, fn. 1), the fees may ultimately be shifted should the defendant prevail in the contract action. Finally, if a defendant believes the action has been filed in California for an improper purpose, such as to harass the defendant or cause him or her needless litigation costs, the defendant may seek sanctions under Code of Civil Procedure section 128.7, which may include attorney fees incurred as a result of the improper filing. (*Id.*, subds. (b)(1), (d).)

---

[2] A court's discretion to determine the defendant has prevailed for purposes of section 1717 by obtaining a dismissal in favor of another forum is not, however, unbounded; such an order should be supported by a record showing that the contract claims have been finally resolved.

16

**CONCLUSION AND DISPOSITION**

We hold that Score's victory in moving the litigation to Florida did not make it the prevailing party as a matter of law under section 1717, and the trial court therefore acted within its discretion in denying Score's motion for attorney fees. We affirm the judgment of the Court of Appeal, which reached the same conclusion.

**WERDEGAR, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** DisputeSuite.com, LLC v. Scoreinc.com

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 235 Cal.App.4th 1261
**Rehearing Granted**

_____

**Opinion No.** S226652
**Date Filed:** April 6, 2017

_____

**Court:** Superior
**County:** Los Angeles
**Judge:** James C. Chalfant

_____

**Counsel:**

Weintraub Tobin Chediak Coleman Grodin, Marvin Gelfand, Brendan J. Begley; Wilson, Elser, Moskowitz, Edelman & Dicker and Robert Cooper for Defendants and Appellants.

J.J. Little & Associates and James J. Little for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Robert Cooper
Wilson, Elser, Moskowitz, Edelman & Dicker
555 South Flower Street, 29th Floor
Los Angeles, CA  90071
(213) 443-5100

James J. Little
J.J. Little & Associates
Fisherman's Village
13763 Fiji Way, Suite EU-4
Marina del Rey, CA  90292
(310) 622-9527