Filed 1/13/23  Nostrati v. Gonzalez CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| M. SAEID NOSRATI et al., | B317588 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. LC102860) |
| v. | |
| MANUEL GONZALEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Virginia Keeny, Judge.  Affirmed.

Practus and Steven E. Young; Alon, Edward E. Alon and Jonathan A. Alon for Defendant and Appellant.

J. Hartley Law and Jura Andrew Hartley for Plaintiffs and Respondents.

# INTRODUCTION

M. Saeid Nosrati and Nooshin Haroonian sued Manuel Gonzalez and Sheila Gonzalez (who is not a party to this appeal), alleging the Gonzalezes failed to disclose defects in a home they sold to Nosrati and Haroonian. Shortly before trial the Gonzalezes accepted Nosrati's demand for rescission of the purchase agreement, and the trial court granted the Gonzalezes' motion to rescind the agreement. Following a four-day nonjury trial, the court awarded Nosrati and Haroonian monetary damages and prejudgment interest and, after applying some offsets, entered judgment in their favor. The Gonzalezes did not appeal from the judgment, but Nosrati and Haroonian did, arguing the trial court should have awarded them additional prejudgment interest. We agreed and directed the trial court to recalculate the (greater) amount of prejudgment interest to award to Nosrati and Haroonian.

Meanwhile, the trial court granted a motion by Nosrati and Haroonian for attorneys' fees pursuant to a provision in the purchase agreement, but awarded them only $88,297.26 of the $260,412.87 they requested. Nosrati and Haroonian did not appeal from the order, but the Gonzalezes did, arguing the court abused its discretion in finding Nosrati and Haroonian were the prevailing parties. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.     *Nosrati and Haroonian File This Action Against the Gonzalezes*

In 2013 Nosrati and Haroonian purchased residential property from the Gonzalezes for approximately $1 million. After buying the home, Nosrati and Haroonian discovered defects in the property the Gonzalezes had not disclosed. Nosrati and Haroonian claimed they spent more than $400,000 repairing and remodeling the property.

Nosrati filed this action in April 2015 against the Gonzalezes, alleging causes of action for fraud, intentional misrepresentation, negligent misrepresentation, breach of contract, and failure to disclose information on the real estate disclosure statement required by Civil Code section 1102.6.[1] Nosrati sought damages and rescission of the purchase agreement. In September 2018 Nosrati filed the operative, third amended complaint, adding his wife, Haroonian, as a plaintiff.

B.     *The Gonzalezes Agree To Rescind the Purchase Agreement, and the Court Orders Rescission*

In April 2019 Gonzalez filed a document titled "Verified Notice of Acceptance of Plaintiffs' Rescission of Contract," which stated he was "ready willing and able to restore everything of value received under the contract (to wit: the closing

---

[1]     Nosrati also alleged causes of action against the Gonzalezes' son and the real estate agents involved in the transaction, which the court later dismissed. Undesignated statutory references are to the Civil Code.

3

consideration of $1,005,526); subject to restoration of everything of value Plaintiffs received under the contract (to wit: an executed deed conveying the single family residence)." When Nosrati and Haroonian did not respond, the Gonzalezes filed what they called a "motion to enforce plaintiffs' rescission and to dismiss all other claims as moot." In their opposition to the motion, Nosrati and Haroonian stated that they had demanded rescission four years earlier, that the Gonzalezes' delay in agreeing to rescission until the "eve of trial" prejudiced Nosrati and Haroonian by forcing them to litigate the case for four years, and that the Gonzalezes had not offered to reimburse Nosrati and Haroonian for the cost of repairs or for their attorneys' fees.

In its tentative ruling on the Gonzalezes' motion, the court stated it had "no framework to evaluate the motion" because the Gonzalezes provided "no procedural authority for the motion." After hearing oral argument, however, the court granted the motion, ordered the contract rescinded, and scheduled a court trial to determine how to "adjust the equities between the parties" (§ 1692) to return them to the pre-contract status quo.

C. *The Trial Court Awards Nosrati and Haroonian Damages and Prejudgment Interest*

The trial focused on damages and equitable adjustments due under section 1692.[2] The parties agreed the Gonzalezes

---

[2]  Section 1692 provides: "A claim for damages is not inconsistent with a claim for relief based upon rescission. The aggrieved party shall be awarded complete relief, including restitution of benefits, if any, conferred by him as a result of the transaction and any consequential damages to which he is entitled; but such relief shall not include duplicate or inconsistent

4

would pay Nosrati and Haroonian the $1,022,762 they paid for the property, plus $157,361 in interest on the promissory note they signed to purchase the property, $98,688 in property taxes they paid while they owned the property, $16,718 in homeowners' insurance premiums they paid, and $59,800 in utility payments they made while they lived at the property, for a total of $1,355,329 (rounded up). The court found Nosrati and Haroonian were also entitled to $216,943 they paid to repair and remodel the property. The parties agreed the Gonzalezes were entitled to an offset of $53,193 for certain escrow and closing costs.

The court awarded the Gonzalezes an additional $293,000 in offsets for the reasonable rental value of the property for the time Nosrati and Haroonian occupied it and $19,000 for the amount the real estate agent defendants paid Nosrati and Haroonian in a settlement. The court awarded Nosrati and Haroonian prejudgment interest on the $1,022,762 purchase price from August 6, 2019, the date the court ordered rescission, in the amount of $170,460.[3] The court reserved jurisdiction to

---

items of recovery." (See *Sharabianlou v. Karp* (2010) 181 Cal.App.4th 1133, 1145 ["the '[r]elief given in rescission cases—restitution and in some cases consequential damages— puts the rescinding party in the status quo ante, returning him to his economic position before he entered the contract'"]; *Leaf v. Phil Rauch, Inc.* (1975) 47 Cal.App.3d 371, 377 ["In an action to enforce rescission, the successful plaintiff is entitled to recover not only the consideration he gave under the contract, but also consequential damages."].)

[3]     As stated, Nosrati and Haroonian appealed from the judgment. We reversed the judgment, ruling the trial court should have awarded prejudgment interest from the date Nosrati

determine "whether either party [was] the prevailing party for purposes of awarding fees and costs, as well as the amount of any such award."

D. *The Trial Court Awards Nosrati and Haroonian Attorneys' Fees*

Nosrati and Haroonian filed a motion seeking $260,413 in attorneys' fees under a prevailing-party attorneys' fees provision in the purchase agreement. The Gonzalezes opposed the motion, arguing Nosrati and Haroonian were not the prevailing parties. At the hearing on the motion, the court stated its preliminary view that Nosrati and Haroonian were the prevailing parties, but continued the hearing and directed Nosrati and Haroonian to submit additional evidence showing the fees requested were reasonable.

Counsel for Nosrati and Haroonian submitted a declaration and billing records in support of the motion for fees, and the Gonzalezes submitted a supplemental opposition. In their supplemental opposition, the Gonzalezes cited allegations by Nosrati and Haroonian in a malpractice lawsuit they filed against their former lawyers claiming that the former lawyers did not advise Nosrati and Haroonian they were seeking rescission, that the former lawyers did not tell Nosrati and Haroonian rescission would require them to return the property to the Gonzalezes, and that Nosrati and Haroonian "were forced to accept a remedy they did not want." The Gonzalezes argued

_____

served the original complaint. (See *Nosrati v. Cronen* (Oct. 13, 2022, B315738) [nonpub. opn.].)

6

Nosrati and Haroonian were not the prevailing parties because they achieved a result they did not want.

Taking judicial notice of the complaint in the legal malpractice action, the trial court ruled the complaint in that case was "an admission by [Nosrati and Haroonian] in this case that they were vehemently opposed to rescission and did not want that relief at any point in this action. . . . The court agrees with [the Gonzalezes] that it would be inequitable to hold either party to be the prevailing party on the aspect of this case that led up to the court ordering rescission. However, the remainder of the litigation focused on competing claims for damages and offsets. As to this portion of the litigation, [Nosrati and Haroonian] prevailed." The trial court denied Nosrati and Haroonian's request for $178,619 in fees incurred by their former lawyers for work performed before the court ordered rescission "because as to that aspect of the case there was no prevailing party per se."[4] The court awarded Nosrati and Haroonian $88,297.26 in fees incurred by their current lawyers to "establish[ ] the amount of compensation and offsets owed to them." The Gonzalezes timely appealed from the order awarding attorneys' fees.[5]

---

[4] The trial court also ruled Nosrati and Haroonian did not lay a proper foundation "for the work actually done" by their former lawyers and did not prove that work "was reasonably required and performed."

[5] An order awarding attorneys' fees is appealable. (Code Civ. Proc., § 904.1, subd. (a)(2); *Riskin v. Downtown Los Angeles Property Owners Assn.* (2022) 76 Cal.App.5th 438, 444, fn. 5.)

**DISCUSSION**

A. *Applicable Law and Standard of Review*

Section 1717, subdivision (a), authorizes the trial court to award reasonable attorneys' fees to the prevailing party in a contract action if the contract provides for such an award. (*City of Los Angeles Dept. of Airports v. U.S. Specialty Ins. Co.* (2022) 79 Cal.App.5th 1039, 1043.) "[T]he party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract."" (§ 1717, subd. (b)(1); see *DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968, 973.) "'[I]n deciding whether there is a "party prevailing on the contract," the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by "a comparison of the extent to which each party ha[s] succeeded or failed to succeed in its contentions."'" (*DisputeSuite*, at p. 974; see *Hsu v. Abbara* (1995) 9 Cal.4th 863, 876.) "This is necessarily a fact-driven inquiry that requires courts to consider the unique circumstances of each case." (*City of Los Angeles Dept. of Airports*, at p. 1043.)

"If neither party achieves a complete victory on all the contract claims, it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees." (*DisputeSuite.com, LLC v. Scoreinc.com, supra*, 2 Cal.5th at p. 973; see *Zintel Holdings, LLC v. McLean* (2012) 209 Cal.App.4th 431, 439-440.) In "determining litigation

8

success, courts should respect substance rather than form, and to this extent should be guided by 'equitable considerations.'" (*Hsu v. Abbara, supra,* 9 Cal.4th at p. 877; see *City of Los Angeles Dept. of Airports v. U.S. Specialty Ins. Co., supra,* 79 Cal.App.5th at p. 1043.)

"'A trial court has wide discretion in determining which party is the prevailing party under [Civil Code] section 1717, and we will not disturb the trial court's determination absent "a manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence."'" (*Blue Mountain Enterprises, LLC. v. Owen* (2022) 74 Cal.App.5th 537, 558; see *Regency Midland Construction, Inc. v. Legendary Structures Inc.* (2019) 41 Cal.App.5th 994, 1000 ["We review for abuse of discretion the trial court's assessment of which party prevailed."].) "We are required to uphold a reasonable ruling even if we may not have ruled the same way and a contrary ruling would also be sustainable." (*In re Tobacco Cases I* (2013) 216 Cal.App.4th 570, 578.)

B.    *The Trial Court Did Not Abuse Its Discretion in Awarding Attorneys' Fees to Nosrati and Haroonian*

The Gonzalezes argue the trial court erred in awarding fees to Nosrati and Haroonian because the court ruled Nosrati and Haroonian were "not the prevailing party with respect to the trial court's rescission order," which the Gonzalezes say was the main issue in the case. The trial court, however, did not award Nosrati and Haroonian the attorneys' fees they incurred in obtaining rescission, and the court did not abuse its discretion in awarding them the fees they incurred in connection with other claims on which they prevailed.

9

It was within the trial court's discretion to analyze the two parts of the litigation separately for purposes of determining whether there was a prevailing party. (See *DisputeSuite.com, LLC v. Scoreinc.com, supra*, 2 Cal.5th at p. 973 ["trial court ruling on a motion for fees under section 1717 is vested with discretion in determining which party has prevailed on the contract"]; *Zintel Holdings, LLC v. McLean, supra,* 209 Cal.App.4th at p. 439 [trial court has broad discretion in making a prevailing party determination].) For the first part of the litigation, which resulted in an order rescinding the purchase agreement, the trial court ruled neither party prevailed. Although Nosrati and Haroonian sought rescission in their complaint, the allegations in their malpractice action against their former lawyers, along with "similar statements disavowing the request for rescission in this case," revealed that rescission was not one of Nosrati and Haroonian's litigation objectives. As a result, the trial court concluded, finding either side a prevailing party on the rescission claim would be inequitable. For this reason, among others, the trial court denied Nosrati and Haroonian's request for $178,619 in fees for "work performed by counsel prior to the court order of rescission."

But for the second part of the case, which included the trial on monetary damages, offsets, and equitable adjustments, the trial court reasonably concluded Nosrati and Haroonian recovered greater relief than the Gonzalezes. Here's why that's so: Nosrati and Haroonian recovered $549,510 for interest on their promissory note, property taxes, utility payments, homeowners' insurance premiums, and repairs to the property. Nosrati and Haroonian also recovered, over the Gonzalezes' objection, $170,460 in prejudgment interest. Of course, as the

10

trial court recognized, Nosrati and Haroonian did not obtain "an unqualified win" on the contested damages, offsets, and equitable adjustments. In particular, they did not recover as much as they wanted for the repairs they made to the property or any of the punitive damages they sought on their fraud cause of action. In addition, the court awarded the Gonzalezes more in offsets than Nosrati and Haroonian argued they were entitled to. In the end, it was a mixed result, and the court ruled Nosrati and Haroonian were the prevailing parties on the second part of the case because they obtained a net recovery of $354,317. The court awarded them $88,297.26 in fees incurred in proving the amounts they recovered.

Considering "the unique circumstances" of this case (*City of Los Angeles Dept. of Airports v. U.S. Specialty Ins. Co.*, *supra*, 79 Cal.App.5th at p. 1043), the trial court did not abuse its discretion in awarding fees for work performed for the portion of the case where Nosrati and Haroonian recovered greater monetary relief, but denying fees for work for the portion of the case where Nosrati and Haroonian obtained rescission of the purchase agreement, something they did not want. (See *Blue Mountain Enterprises, LLC. v. Owen*, *supra*, 74 Cal.App.5th at p. 559 [although the plaintiff "did not achieve all of its litigation goals, the trial court carefully considered this factor, and it disallowed a significant amount of attorney fees incurred by [the plaintiff] where its law firm's activities did not meaningfully advance the objective of" the successful contract claim]; *In re Tobacco Cases I*, *supra*, 216 Cal.App.4th at pp. 586-587 [trial court has broad discretion whether to apportion fees between successful and unsuccessful contract claims]; *Acree v. General Motors Acceptance Corp.* (2001) 92 Cal.App.4th 385, 404 [same].)

The Gonzalezes argue that the monetary relief Nosrati and Haroonian recovered was "merely a part of the rescission judgment" and that Nosrati and Haroonian "did not prevail on rescission." But that one outcome of the litigation—rescission—was not a "win" for Nosrati and Haroonian did not mean another aspect—a net recovery of $354,317 in consequential damages—was not a "win," even though the second outcome was related to the first. (See *Hsu v. Abbara*, *supra*, 9 Cal.4th at p. 877 [courts should respect substance over form in assessing litigation success].) When the trial court stated neither party was "the prevailing party on the aspect of this case that led up to the court ordering rescission," that was shorthand for the court's finding that, because Nosrati and Haroonian did not want to rescind the purchase agreement, obtaining rescission was not a litigation success for them. The trial court acted within its discretion in ruling that, although Nosrati and Haroonian were the prevailing parties, they could only recover a portion of the attorneys' fees they incurred.

The Gonzalezes also argue that, by focusing on Nosrati and Haroonian's monetary recovery and ignoring the rescission of the purchase agreement, the trial court awarded fees to the party "who prevailed on a minor battle but who lost the war." But the trial court did not view monetary claims as a minor battle or rescission as the war, and there is no reason to disturb that assessment. (See *Harris v. Rojas* (2021) 66 Cal.App.5th 817, 825 [trial court, which "gains familiarity with the parties and the attorneys during the case and the trial," is "well positioned to evaluate what counts as a win"].)

Finally, the Gonzalezes argue the trial court erred in ruling Nosrati and Haroonian recovered greater relief because the

12

property Nosrati and Haroonian must return to the Gonzalezes is now worth more than the purchase price the Gonzalezes must return to Nosrati and Haroonian. The Gonzalezes, however, cite no authority for the proposition that the trial court, when evaluating whether Nosrati and Haroonian prevailed on their monetary claims, had to consider appreciation of the property, particularly when there was no evidence at trial of the property's appreciation or depreciation.[6] They quote the following statement in the trial court's statement of decision: "Returning the parties to the status quo prior to the sale of the subject property is impossible in this case" because, among other reasons, "the value of [the] property has increased substantially" in the eight years since Nosrati and Haroonian purchased the property from the Gonzalezes. This statement by the trial court (which had nothing to do with who were the prevailing parties) was not based on any evidence of the property's past or current value.

But even if the value of the property increased during the litigation, the Gonzalezes have not shown the trial court erred in ruling Nosrati and Haroonian were the prevailing parties. As discussed, the trial court analyzed the parties' relative success on the rescission claims separately from their relative success on the monetary claims. On the rescission cause of action, the court ordered the Gonzalezes to refund the purchase price to Nosrati and Haroonian and ordered Nosrati and Haroonian to return the

_____

[6]     In opposition to the motion for attorneys' fees, the Gonzalezes cited estimates of the property's value listed on two real estate advertising and brokerage websites. The record on appeal, however, does not include printouts of the websites attached to counsel for the Gonzalezes' declaration or evidence making the print-outs admissible (or any indication they were admitted).

13

property to the Gonzalezes.  (See *Wong v. Stoler* (2015) 237 Cal.App.4th 1375, 1386 [when a real estate purchase agreement is rescinded, the seller must refund the purchase price, and the buyer must restore the property to the seller].) The increase in the property's value may have been part of the reason Nosrati and Haroonian did not want to rescind the agreement.  And because Nosrati and Haroonian did not want to rescind the agreement, the trial court concluded they were not the prevailing parties on their rescission claim and declined to award Nosrati and Haroonian attorneys' fees for that part of the case.  But none of that shows an abuse of discretion.

## DISPOSITION

The order granting Nosrati and Haroonian's motion for attorneys' fees and costs is affirmed. Nosrati and Haroonian are to recover their costs in this appeal.

SEGAL, J.

We concur:

PERLUSS, P. J.

FEUER, J.