Filed 3/24/26

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JENNIFER O'LEARY,<br><br>    Cross-complainant and<br>    Respondent,<br><br>    v.<br><br>WALTER JONES III,<br><br>    Cross-defendant and<br>    Appellant. | D085327<br><br><br><br><br>(Super. Ct. No. RIC2002554) |

APPEAL from an order of the Superior Court of Riverside County, Godofredo Cuison Magno, Judge. Request for judicial notice denied. Affirmed as modified.

Rod Pacheco and Irasema Rocha, for Cross-defendant and Appellant.

Reeves & Weiss, Jeffrey H. Reeves, Daniel L. Weiss and Lindley G. Round, for Cross-complainant and Respondent.

Michael Scheinker filed an unsuccessful petition to confirm an arbitration award against Walter Jones III, which the trial court dismissed for lack of personal jurisdiction. After it dismissed the petition and expressly declined to rule on Jones's request to vacate the award, the court also denied Jones's motion for attorney's fees, concluding there was no party prevailing on the contract for purposes of Civil Code[1] section 1717.

We conclude the trial court did not abuse its discretion in denying Jones's motion for attorney's fees, reasonably finding that Jones obtained only an interim victory. We thus affirm the court's attorney's fee ruling. But because there is no dispute that the petition to confirm arbitration award was dismissed, we remand and direct the court to award reasonable court costs to Jones.

**FACTUAL AND PROCEDURAL BACKGROUND**

This appeal is part of a broader dispute between Scheinker,[2] Jones, and other parties. Scheinker leased his commercial property to Green America Inc.; Jones signed the lease on Green America's behalf. Jones also signed a guarantee clause in the lease making him responsible for "the prompt payment of Rent or other sums that become due pursuant to [the lease], including any and all court costs and attorney fees included in enforcing the [lease]."

Green America filed this action, asserting claims against Scheinker. Scheinker filed a successful petition to compel arbitration pursuant to the

---

[1]    Undesignated statutory references are to the Civil Code.

[2]    Jennifer O'Leary is the successor in interest to Scheinker, who died while these proceedings were pending. For brevity, we refer to Scheinker as the party in the trial court, and O'Leary as respondent on this appeal.

terms of the lease agreement, and the court stayed the action. Scheinker then made a counterdemand for arbitration, asserting claims against Jones, Green America, and others. The arbitration culminated in an award in Scheinker's favor, finding Jones liable to Scheinker as the guarantor of Green America's lease agreement.

Scheinker returned to the trial court, filing a petition to confirm the arbitration award against Green America, Jones, and the other respondents. The court confirmed the petition as against Green America, but "denied" it as to Jones, finding "an issue of personal jurisdiction" because Jones was "named as [a] counter-respondent[] in Scheinker's counter-demand in arbitration, but never named [as a] part[y] in this action."[3] The court concluded that "Scheinker failed to produce any evidence that . . . Jones ever agreed to arbitrate any claims" because he did not sign the lease in a personal capacity, and the guarantee clause did not "incorporate the arbitration provision included in the Lease." According to the court, it was irrelevant that Jones had been named as a respondent in the arbitration and in the petition to confirm the arbitration award because he had not been joined in the court action *before* the matter was ordered to arbitration, and "personal jurisdiction over non-parties is established under [Code of Civil

---

[3]     We requested supplemental briefing on a number of issues, including the parties' view of the basis for the trial court's judgment on the petition to confirm. The parties agree that the trial court in fact "dismissed" the petition to confirm arbitration award, either as a matter of personal jurisdiction or under Code of Civil Procedure section 1287.2.

Procedure section] 1293."[4]  Scheinker appealed the court's order, but subsequently dismissed that appeal.

Jones filed a motion for attorney's fees and costs with the trial court. The parties disputed whether Jones was a "party prevailing on the contract" under Civil Code section 1717 and thus entitled to recover fees under the terms of the guarantee provision.  The court concluded he was not, explaining:

> "The Court granted Scheinker's petition to confirm the arbitration award against Green America only, and denied the petition as to . . . Jones, finding that the Court lacked personal jurisdiction over [him].  Notably, the Court declined to rule on Jones'[s] request to vacate the arbitration award.  Accordingly, the Court finds that there was no prevailing party as between Jones and Scheinker in the postarbitration proceedings.

> "Given the unusual circumstances of this case, the cases relied upon by Jones are inapposite. . . .  Unlike those cases, the Court acted sua sponte in determining that it lacked personal jurisdiction over Jones and declined to rule on Jones'[s] request to vacate the award.  Thus, the Court did not rule on whether the arbitration award is enforceable against Jones, and neither Jones nor Scheinker are prevailing parties in the postarbitration proceeding."

The court did not separately address Jones's request for costs under Code of Civil Procedure section 1032.  Jones appeals the order as to both fees and costs.

---

[4]    Code of Civil Procedure section 1293 provides:  "The making of an agreement in this State providing for arbitration to be had within this State shall be deemed a consent of the parties thereto to the jurisdiction of the courts of this State to enforce such agreement by the making of any orders provided for in this title and by entering of judgment on an award under the agreement."

4

## DISCUSSION

### A. *Attorney's Fees*

"In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (§ 1717, subd. (a).) "[T]he party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section." (*Id.*, subd. (b)(1).) "The prevailing party determination is to be made only upon final resolution of the contract claims . . . ." (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 876 (*Hsu*).) "[F]ees under section 1717 are awarded to the party who prevailed on the contract overall, not to a party who prevailed only at an interim procedural step." (*DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968, 977 (*DisputeSuite*).

"When a defendant obtains a simple, unqualified victory by defeating the only contract claim in the action, section 1717 entitles the successful defendant to recover reasonable attorney fees incurred in defense of that claim . . . ." (*Hsu, supra*, 9 Cal.4th at p. 877.) Otherwise, "[t]he trial court ruling on a motion for fees under section 1717 is vested with discretion in determining which party has prevailed on the contract, or that no party has." (*DisputeSuite, supra*, 2 Cal.5th at p. 973.)

Jones argues he "achieved a simple, unqualified victory" because he "achieved his litigation objective of preventing the enforcement of Scheinker's arbitration award." O'Leary counters that Jones was not the prevailing party

5

because the trial court's order did not finally resolve the contract claims and did not prevent refiling of the same substantive claims in another court. We agree that the trial court's order did not resolve the enforceability of the award as to Jones. Thus, we find that the trial court did not abuse its discretion by determining that no party prevailed on the contract in this action.

The parties offer different interpretations of the trial court's order dismissing the petition to confirm the arbitration award. But in the trial court's own view, it "did not rule on whether the arbitration award is enforceable against Jones." We similarly understand the trial court to have ruled that it lacked personal jurisdiction over Jones, not that the award did not bind Jones under Code of Civil Procedure section 1287.2. (See *id.* ["The court shall dismiss the proceeding under this chapter as to any person named as a respondent if the court determines that such person was not bound by the arbitration award and was not a party to the arbitration"].) The court did not cite that statute, and instead repeatedly discussed its view that Jones had not been properly joined as party. It repeated twice in its attorney's fee order that it had dismissed the petition against Jones because "it lacked personal jurisdiction over" him.

In any case, as the trial court noted, it expressly declined to rule on Jones's request to vacate, leaving the arbitration award neither confirmed nor vacated. An unconfirmed arbitration award "has the same force and effect as a contract in writing between the parties to the arbitration." (Code Civ. Proc., § 1287.6.) "For purposes of res judicata, even an unconfirmed arbitral award is the equivalent to a final judgment." (*Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 186.) The court's order thus did not finally resolve the enforceability of the award as to Jones.

6

Even if we could read the dismissal order as finding that the arbitration award was not *directly* enforceable against Jones, the court confirmed the award against Green America. Jones's liability under the arbitration award stems exclusively from his personal guarantee of Green America's liability. The trial court did not resolve whether Jones is liable under the guarantee provision, and thus could have reasonably concluded it had not finally resolved the contract dispute between these parties.

Although cited in O'Leary's briefing, Jones does not address the Supreme Court's holding in *DisputeSuite*. In that case, the Court held that a trial court had not abused its discretion in determining that a party who obtained a dismissal on the ground of *forum non conveniens* was not the prevailing party under section 1717, even though that issue finally resolved the California litigation. (*DisputeSuite, supra*, 2 Cal.5th at pp. 974–977.) "While [defendant] had succeeded in enforcing the forum selection clauses in two of its agreements with [plaintiff], it had not defeated [plaintiff's] breach of contract and related claims." (*Id.* at p. 974.) Central to the court's reasoning was "that the action had already been refiled in the chosen jurisdiction and the parties' substantive disputes remained unresolved." (*Id.* at 971.) While not discussed by the trial court here, we note that Scheinker had already filed a second petition to confirm the arbitration award by the time the court ruled on Jones's fee motion.[5] This provides further support for our conclusion that the trial court did not abuse its discretion in declining to find Jones was the prevailing party.

---

[5] O'Leary's request for judicial notice is denied as unnecessary. The second petition to compel arbitration is already part of the appellate record, and the other documents are not relevant to our resolution of the appeal.

In his supplemental briefing, Jones relies on *Domestic Linen Supply Co., Inc. v. L J T Flowers, Inc.* (2020) 58 Cal.App.5th 180, in which a party filed an action to compel arbitration. (*Id.* at pp. 183–184.)[6] The trial court denied the petition and found the respondent, LJT, was entitled to fees under section 1717. (*Domestic*, at p. 184.) The court of appeal affirmed, agreeing that the arbitration agreement was unenforceable and that LJT was the prevailing party under section 1717, having won the only issue in the litigation. (*Domestic*, at pp. 185, 187.)

Jones also relies on *Otay River Constructors v. San Diego Expressway* (2008) 158 Cal.App.4th 796 (*Otay River*), another case involving a standalone petition to compel arbitration. (*Id.* at p. 800.) There, this court found that the party who defeated the petition was the prevailing party "on the only contract claim at issue in the action—whether to compel arbitration under the" parties' agreement. (*Id.* at p. 807.) "Significantly," we noted, "the merits of the contract claims under the . . . [c]ontract that [the petitioner] sought to send to arbitration were not at issue in the court proceedings to compel arbitration and the fact that the parties will probably pursue these claims in another action does not lessen [the respondent's] victory in this discrete legal proceeding." (*Id.* at p. 808.)

The denial of a standalone petition to compel arbitration will usually resolve the arbitrability of the dispute under the contract. Here, in contrast, the dismissal of the petition to confirm the arbitration award did not finally resolve the enforceability of the award as to Jones, either directly or in his capacity as guarantor to Green America.

---

6    Although Jones's supplemental brief went beyond the scope of our request, O'Leary had the opportunity to respond. We thus exercise our discretion to consider his additional arguments.

Further, *DisputeSuite* specifically "disapprove[d]" two court of appeal decisions "to the extent they state the prevailing party determination under section 1717 must be made without regard to the contract litigation's continuation in another forum." (*DisputeSuite, supra*, 2 Cal.5th at p. 979.) We are bound to follow *DisputeSuite* rather than *Otay River* to the extent the latter suggested it was irrelevant that "the parties will probably pursue [their contract] claims in another action." (*Otay River, supra*, 158 Cal.App.4th at p. 808.)

In sum, we find that the trial court did not abuse its discretion by finding there was no party prevailing on the contract for purposes of this action. We therefore affirm the court's order denying Jones's motion for attorney's fees.

**B.    *Costs***

With respect to Jones's request for costs, the trial court failed to separately address whether he was a "prevailing party" under Code of Civil Procedure section 1032. Under this provision, a " '[p]revailing party' " includes "a defendant in whose favor a dismissal is entered." (*Id*., § 1032, subd. (a)(4).) "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (*Id*., subd. (b).) A party may be a "prevailing party" under Code of Civil Procedure section 1032 even if he is not the "party prevailing on the contract" under Civil Code section 1717. (See, e.g., *Andrade v. Western Riverside Council of Governments* (2024) 99 Cal.App.5th 1020, 1029.)

On appeal, O'Leary does not dispute that Jones was a "a defendant in whose favor a dismissal is entered," and thus entitled to recover costs. (Code Civ. Proc., § 1032, subds. (a)(4), (b).) Accordingly, we will remand to the trial court for the limited purpose of awarding Jones his costs.

9

## DISPOSITION

We affirm the court's order with respect to Jones's request for attorney's fees. With respect to costs, we remand to the trial court with directions to award costs to Jones under Code of Civil Procedure section 1032. O'Leary shall recover her costs on appeal.

DATO, Acting P. J.

WE CONCUR:

CASTILLO, J.

RUBIN, J.